4 U.S. 372
 4 Dall. 372
 1 L.Ed. 871
 The United States
v.
Thomas Passmore.
 Circuit Court, Pennsylvania District.
 April Term, 1804
 
 1
 THE defendant, who had become bankrupt, was prosecuted by indictment, containing two counts, for perjury, in swearing before the commissioners, on the 20th day of September 1803, that he 'could not tell exactly the time, but believed it was the latter [end] of 1799, that he first owned the brig Abigail. He ceased to own her, he rather though, in the year 1800,' when in truth and in fact he never did own her, but had covered the property for an alien under his name. He had before sworn, at the custom-house (on the 31st of July 1799) that he 'was the true and only owner of the brig Abigail; that there was no subject, nor citizen, of any foreign prince, or state, directly or indirectly, by way of trust, confidence, or otherwise, interested therein, or in the profits or issues thereof:' but no information, tending to falsify this oath, was received, until a prosecution was barred by the act of limitation. 1 vol. Acts Cong. p. 113. s. 32.[1] On the 19th of December 1803 (7 vol. 14) an act of congress was passed, enacting 'that the act of congress, passed on the 4th day of April 1800, entitled 'an act to establish an uniform system of bankruptcy, throughout the United States,' shall be and the same is hereby repealed. Provided nevertheless, That the repeal of the said act shall in no wise affect the execution of any commission of bankruptcy, which may have been issued prior to the passing of this act, but every such commission shall be proceeded on, and fully executed, as though this act had not passed.'
 
 
 2
 The facts being laid before the jury, Rawle and Dickerson, made a defence, principally, upon two grounds: 1st. That the defendant was not guilty, upon the merits. 2d. That the oath, charged to be false, was taken before the repeal of the bankrupt law; and, in consequence of the repeal, could not be the subject of a prosecution, either under the bankrupt law, under the general penal law, or at common law.[2] On the first ground, they cited 4 Bl. C. 136. 1 Bl. C. 60. 1 Hawk. 331. 2 Hawk. 84. Cro. C. 852. Cro. E. 148. 1 Salk. 374. Bank. Law, s. 18. 2 Esp. Rep. 281. 1 M'Nall. L. of E. 3. 1 Ld. Raym. 396. 1 Hale, 706. 2 Salk. 513. 10 Mod. 335. Cro. J. 644. 3 Mod. 78. 2 Ld. Raym. 991. 1 Burr. 543. 4 Burr. 2026. Cowp. 297. Leach C. L. 252. 268. Bank. Law, s. 15. 21. 51. 4 vol. Acts Cong. 427. s. 88. 3 vol. 337. 2 vol. 30. 2 vol. 21. 4 vol. 102. s. 2. 2 vol. 157. 193. And on the second ground, they cited 1 W. Black. Rep. 451. 1 Hale, 291. 525. 1 Hawk. 306. 4 vol. Acts Cong. 523. 202.
 
 
 3
 Dallas (the district attorney) submitted to the Court three propositions: 1st. That, notwithstanding the repealing act, the perjury charged was indictable, according to the first count of the indictment, under the bankrupt law, as an incident to the execution of the commission. 5 vol. 61. s. 21. 6 Bac. Abr. 384. 390. 2 Leach, 810. Co. B. L. 7. 5 Geo. 2. c. 30. s. 44. 6 vol. 95. s. 14. 5 vol. 238. 6 vol. 93. 1 vol. 113. s. 32. 2 Hawk. 87. c. 69. s. 4. 6 vol. 80. s. 5. 3 vol. 163. 6 vol. 58. s. 1. 1 vol. 337. s. 46. 3 vol. 97. 3 vol. 334. 5 vol. 126. 4 vol. 456. 3 vol. 88. 1 vol. 236. 4 vol. 446. s. 112. Ibid. 427. 1 Hawk. 306. Bro. Abr. 203. 1 Hale, 291. 525. 2 Hale, 190. 2d. That the perjury charged, was indictable, according to the second count of the indictment, independent of the bankrupt law, upon the general penal act (1 vol. 108.) inasmuch as the provisions of the bankrupt law, do not create the offence; are affirmative and not repugnant; and, with respect to the punishment, are cumulative. Cowp. 297. 2 Hale, 705. 4 Burr. 2026. 23 Geo. 2. c. 13. Leach, 253. 1 Hawk. 306. B. 1. c. 40. s. 5.Leach, 715. 2 Hale, 191, 2. And, 3d. That according to the opinions of some of the judges of the Supreme Court,[3] the perjury charged, was indictable at common law; and, in that case, the conclusion of the indictment, 'against the form of the statute,' was to be regarded as surplusage. 2 Hawk. 83. United States v. Ravara, 2 Dall. Rep. 297. William's case, 2 Cranch. 82. in note. United States v. Worrel. 2 Dall. Rep. 384.
 
 
 4
 WASHINGTON, Justice, delivered the charge of the Court at large, upon the points of law; but cautiously abstained from giving any opinion upon the facts.
 
 
 5
 He considered the repealing act, as an absolute bar to the prosecution; and told the jury, expressly, that the defendant was, on that ground alone, independent of any question upon the merits, entitled to an acquittal.
 
 
 6
 On this charge, the jury immediately found a verdict of not guilty.
 
 
 
 [1]
 In consequence of this, and other similar cases, occurring at the custom house, the time allowed for prosecuting offences under the revenue laws, was enlarged. 7 vol. 126.
 
 
 [2]
 Before the jury were sworn, Rawle said, that, although he did not mean to move to quash the indictment, he should propose, under the sanction of the Court, that the question of law, arising upon the repealing act, should be discussed, as soon as the jury were sworn, and before any evidence was produced. The attorney of the district objected to the novelty of such a proceeding. And by the COURT: The trial must proceed, in the usual course. The evidence and law must both be laid before the jury, who will then give a verdict, under the charge of the Court. If the verdict should be against the defendant, his counsel may move the point of law in arrest of judgment.
 
 
 [3]
 The attorney of the district stated, that the last point was made, in deference to the opinion of the Court, on the question of a common law federal jurisdiction, in criminal cases; and not as expressive of his own sentiments upon the subject.