YEATON AND OTHERS, CLAIMANTS OF THE SCHOONER GENERAL PINKNEY AND CARGO, v. THE UNITED STATES.

---

THIS was an appeal from the sentence of the circuit court for the district of Maryland, which condemned the schooner *General Pinkney* and cargo, for breach of the act of congress prohibiting intercourse with certain ports of the island of St. Domingo ; *passed February,* 28*th* 1806. *Vol.* 8. *p.* 11. This act was limited to one year ; but by the act of February 24th, 1807, it was continued until the end of the then next session of congress, when it expired on the 26th of April, 1808.

In admiralty cases, an appeal suspends the sentence altogether ; and the cause is to be heard in the appellate court as if no sentence had been pronounced.

The schooner General Pinkney, on the 23d of August, 1806, was cleared from Alexandria for St. *Jago de Cuba* with a cargo, but went to *Cape François* in the island of St. Domingo, one of the prohibited ports. On her return, she was seized on the 17th of November, 1806, and libelled on the 5th of January, 1807, and condemned in the district court on the 23d of July following, which condemnation was affirmed in the circuit court on the 7th of November, from which sentence the claimants immediately appealed, in open court, to the supreme court of the United States, then next to be holden on the first Monday of February, 1808, where the cause was continued until the present term.

If the law under which the sentence of condemnation was pronounced be repealed after sentence in the court below, and before final sentence in the appellate court, no sentence of condemnation can be pronounced ; unless some special provision be made for that purpose, by statute.

YEATON
ᴠ.
THE U S.

The only question now argued was, whether this court could now affirm the sentence of condemnation, inasmuch as the law which created the forfeiture, and authorized the condemnation, had expired?

*C. Lee, Martin, Harper* and *Youngs*, for the appellants, contended that, in all cases of admiralty and maritime jurisdiction, an appeal suspends entirely the sentence appealed from; and that in the appellate court- the cause stands as if no sentence had been pronounced. 1 *Browne's Civil Law*, 495. 501. 1 *Br. Parl. Cas.* 70. 590. *Rochfort* v. *Nugent.* 2 *Domat*, 686. 2 *Browne's Civil Law*, 436, 437. 3 *Dall.* 87. 114. 118. *Penhallow* v. *Doane.* 4 *Cranch*, 2. *Jennings* v. *Carson.* *Id.* 443. *United States* v. *The Betsey & Charlotte.* *Parker*, 72.

If then the case stands as if no sentence of condemnation has been passed, the question arises, can this court now proceed to condemn the vessel when there is no law authorizing a condemnation?

The act of congress makes no provision for the recovery (after the expiration of the act) of penalties or forfeitures which had been incurred under that act during its existence.

And in such cases the law has always been understood to be, that the penalty or forfeiture cannot be enforced, nor the punishment inflicted. The court has no longer any jurisdiction in the case. 2 *East's Cr. Law*, 576. *Jones's case.* 1 *W. Bl.* 451. *Milier's case.* 4 *Dal.* 373. 1 *Hale*, 291. The case of the *United States* v. *The cargo of the ship Sophia Magdalena*, before *Judge Davis*, at Boston, and a like case before *Judge Hall*, at New-Orleans. 1 *Cranch*, 103. *United States* v. *Schooner Peggy*.

*Rodney, Attorney-General*, on the part of the United States, did not controvert the principles contended for on the other side, but in addition to the

authorities produced by the opposite counsel, refer-
red the court to the opinion of Ch. J. *Ellsworth*, in
the case of *Wiscart* v. *Dauchy*, 3 *Dal.* 327. where
he says, " an appeal is a process of civil law origin,
and removes a cause entirely, subjecting the fact as
well as the law to a *review* and *retrial;*" and to
the opinion of *Marshall*, Ch. J. in the case of *Pen-
nington* v. *Coxe*, 2 *Cranch*, 61.

YEATON<br>v.<br>THE U. S.

### March 7.

MARSHALL, Ch. J. delivered the opinion of the
court to the following effect:

The majority of the court is clearly of opinion,
that in *admiralty* cases *an appeal* suspends the
tence altogether; and that it is not *res adjudicata*
until the final sentence of the appellate court be
pronounced. The cause in the appellate court is
to be heard *de novo*, as if no sentence had been
passed. ' This has been the uniform practice not only
in cases of appeal from the district to the circuit
courts of the United States, but in this court also.

In prize causes, the principle has never been
disputed; and in the instance court, it is stated in
2 *Browne's Civil Law*, that in cases of appeal *it is
lawful to allege what has not before been alleged,
and to prove what has not before been proved.**

The court is, therefore, of opinion, that this cause
is to be considered as if no sentence had been pro-
nounced; and if no sentence had been pronounced,
it has been long settled, on general principles,
that after the expiration or repeal of a law, no
penalty can be enforced, nor punishment inflicted,
for violations of the law committed while it was in
force, unless some special provision be made for
that purpose by statute.†

* *Clerke's Praxis, tit.* 54. " Nam in appellatione a sententia de-
finitiva licet non allegata allegare et non probata probare."

† The cases of *Wilmot et al* claimants of the schooner *Collector,*
and *Lewis,* claimant of the schooner Gottenburgh *v.* United States,
were reversed upon the same principle.

The following sentence was then pronounced by the court:

This cause came on to be heard on the transcript of the record, and was argued by counsel; on consideration whereof the court is of opinion, that an appeal from the sentence of a court of admiralty brings the whole case before the appellate court unaffected by the sentence of condemnation from which the appeal is made, and that a sentence of condemnation cannot be pronounced on account of a forfeiture which accrued under a law not in force at the time of pronouncing such sentence, unless, by some statutory provision, the right to enforce such forfeiture be preserved.

The court is, therefore, of opinion, that the sentence pronounced in this cause by the circuit court of the district of Maryland, affirming the sentence of the judge of the district court in this cause, be reversed, and annulled; and the court, proceeding to pronounce the proper sentence, doth direct that th libel be dismissed, and the property libelled be restored to the claimants, they paying the duties thereon if the same have not been already paid.

And, on the motion of the attorney-general, it is ordered to be certified that in the opinion of this court, there was probable cause of seizure.