Smith, C. J.,
committed some views to writing, from which the following is an extract: —
The second section of the act regulating fees subjects the *421 party (say, deputy sheriff) taking more than lawful fees (the fees prescribed by statute) to the penalty or forfeiture of $30 for every such offence, to be recovered by any person who will sue for the same by action of debt in the Court of Common Pleas.
This clearly amounts to a prohibition from taking beyond the legal fees. It makes such taking unlawful.
But it is equally clear that the repeal of the section in question, though it did not make the act lawful, which was unlawful when committed (1 Comyns on Contracts, 39; 1 H. Bl. 65), yet had such an operation that the offender could not be prosecuted and punished by indictment or at the suit of the State. Judgment must be pronounced before the repeal. It is fairly to be presumed, that if the State repeal the law, without any saving, all penalties and forfeitures accruing to the State were remitted. Commonwealth of Pennsylvania v. Duane, 1 Binn. 601, is in point. So it is laid down in Hawk. P. C. (B. I. c. 41, § 6, p. 169) that “if one commit an offence which is made felony by statute, and then the statute is repealed, he cannot be punished as a felon in respect of that statute.” So, in United States v. Passmore, 4 Dall. 372, it was held, that the repeal of the bankrupt law was a bar to any prosecution for perjury previously committed under it.
It may be a question whether the repeal of the law under consideration at all affects plaintiff’s right to prosecute to final judgment an action instituted before the repeal. This doubt is founded on the distinction between prosecutions on penal statutes at the suit of the public and a private person. It is very clear that the attorney-general could not enter a nolle prosequi in this suit. Have the legislature the power to do so, to deprive the plaintiff of the costs accrued while innocently pursuing a lawful action, and, still further, to subject him to the payment of costs to an offender ? If the act had been temporary, perhaps plaintiff could not complain; but here it was without limitation. As it respects the plaintiff, the [repealing] act is retrospective. It introduces a new rule for the decision of his cause; one which takes from him the right to a sum of money, — a right which was vested in him. But the *422 legislature have not said that the repeal shall bar the plaintiff’s action. The question is, whether a simple repeal of the statute on which his action is founded has this effect and operation.
It bars all indictments and prosecutions at the suit of the State. Its being retrospective works no injury to any citizen ; and the legislature are the constitutional judges of what regards the welfare of the State.
A statute may have one construction as it respects the public, and another as it respects individuals. If the legislature could not, by the Constitution, pass a law devesting the right acquired by the plaintiff to the penalty by commencing his suit, then the act cannot be set up as a bar. They may repeal all laws; but they must exercise this power in such a manner as not to violate the Constitution; and the courts are bound to see that a repeal in any particular case is not attended with this effect.
Before this statute, the taking of $3.90 [fees] would not authorize this action. The repeal did not make the act committed by defendant lawful. ■ An act, unlawful at the time, does not become lawful by repeal of the statute which made it unlawful at the time.[1] The English statute which prohibited insurance of lottery-tickets was repealed. While in force, an insurance was made and the contract of insurance executed, i. e. the premium' and losses paid. It was held that the repeal of the statute did not make the insurance lawful. It was still unlawful under the repealed statute, though lawful at common law; but could not be enforced, i. e. the penalty could not be enforced. If the contract of insurance had not been executed, the repealed law could not now be set up against it. 1 H. Bl. 65.
Every thing done under the statute, as it was lawfully done, remains always so.
Now the suit was lawfully commenced. The right to the penalty attached. The legislature cannot- declare that to be unlawful which was lawful, and cannot take away a right lawfully acquired. The rights of Lewis are saved, because the legislature could'not take them away. We must so con *423 strue the repealing' act. We may give it effect as far as the State is concerned, and all persons who have acquired no rights under it. Further we cannot go; and further the legislature cannot go.
Couch, qui tam, v. Jeffries, 4 Burr. 2460, was an action for the penalty of not paying the stamp duty upon an indenture of apprenticeship. After verdict the parliament passed an act, allowing the persons who might have incurred the penalty to be relieved on payment of the duties. It so far repealed the former statute, that, on compliance with the conditions of the now, the party offending was discharged from the penalty prescribed in the former act. The words were, that the person paying the duty, &c., shall be acquitted and discharged of and from the said penalties; and there was no saving for actions already commenced. It was held that the legislature intended only future actions; otherwise it would be punishing the innocent instead of the guilty. It could not be the true construction of the act to take away a vested right and punish the innocent pursuer of it with costs. It meant only actions to be commenced after the duty paid. As it would have been unjust to construe the act of parliament so as to embrace actions pending, it was construed not to extend to actions brought prior to the making of it. So, here, as it would be unjust and unconstitutional to construe the repeal to affect actions pending, it shall be held not to embrace them.
The English Statute of Frauds took effect June 24, 1677. A suit was brought, afterwards, on a parol promise made before that time. The words of the statute were, that no action should be brought, &c. It was held that the statute only applied to actions on parol promises made after the statute, because a contrary construction would make the act repugnant to common justice. 7 Johns. 503, 504. Here the statute repealed the common law; but it was held that it should operate prospectively only, as it would be unjust to give it a retrospective. operation.
Dash v. Van Kleeck, Sheriff of Albany, 7 Johns. 477. The New York statute provided that a debtor might have the liberties on giving a bond to the sheriff; and the court deter *424 mined that where the debtor escaped and returned, or was retaken before action brought, that this, though a good defence to an action for the escape at common law, was no defence under the statute. On this construction of the statute, this action was brought against the sheriff for an escape. After issue joined, and before the trial, the legislature passed an act concerning escapes, which provided that nothing in the former acts shall be so construed as to prevent any sheriff, in case of escapes, from availing himself, as at common law, of a defence arising from a recaption on fresh pursuit, &c.
It was held that this, whether considered as a repeal of the old statute, and as introducing a new rule for the government of the past case, or as declaring the interpretation of the former statutes, for the direction of the courts, was no bar to the action commenced before the act was passed. It should be construed to extend only to actions commenced after the passing of the act; because an act of the legislature is not to be construed to operate retrospectively, so as to take away a vested right. It was held to be a principle of universal jurisprudencé, that laws, civil or criminal, should be prospective, and should not have a retroactive effect. Our constitution was cited on the subject of retrospective laws; viz., that they are highly injurious, oppressive, and unjust, and should not be made either for the decision of civil causes or the punishment of offences. And it was not doubted that this article inhibited the legislature from passing any law which should deprive a party of a vested right, which should punish an innocent man pursuing his right with costs in favor of an offender.[1]
But it seems to me that the present case stands on grounds still stronger for the plaintiff. This is a process brought by Foster to reverse a judgment rendered against him in this *425 court, May Term, 1818. This reversal may be either on account of want of merits (by the jury), or that it cannot be sustained in point of law, — that there was, or is, no law to warrant it. Our writ of review is a writ of error, and more. It is now to be used as a writ of error, the jury having found for the plaintiff on the merits. The plaintiff, Lewis, asks for no judgment in his favor. He has a judgment, and lias obtained satisfaction. The question is, whether that judgment be erroneous or not. If erroneous, this court are now bound to reverse it, and give such judgment as the court in 1818 ought to have given, and to restore Foster to what he has lost by reason of that erroneous judgment, and to give him his costs from the beginning.[1]
One can hardly maintain the requisite gravity, in the discussion of this question. We are called upon to say whether the court, at May Term, 1818, erred in giving judgment on a law which was then in full force, but which was repealed in June following. In reversing that judgment, we must, moreover, say that, when a statute is repealed, all acts done under it whilst it was in force are not good, that is, are void or voidable. This is said to bo the case when a statute is declared to be null. • It is the case where the statute is null, that is, unconstitutional. Upon this doctrine, I think, nothing would be easier than for the legislature to ruin every individual in the State.
But so far is this from being the law, that the contrary is the law. All acts done under a statute whilst it was in force are good. And will it be said that acts in pais are good, but that the solemn judgments given in courts of record are null and void ? A contract which is declared by a particular statute to be illegal is not made good by a repeal of that statute after the contract has been executed; what is done and completed under the statute always remains the same. So what was legally done and completed under a statute always remains done, completed, and legal. The law may be changed for the future, but a new rule for the past cannot *426 be made. It is an absurdity in terms. A new rule of conduct prescribed for past ages! This would be inverting the order of legislation.
To say that the repeal in question shall have the operation contended for is in effect saying that the legislature can annul a judgment. This is as effectually done by removing the foundation on which it stands as by reversing it in so many words. 7 Johns. 490, 492. Spekeer, J., denied the legislature this power. A law can be repealed by the lawgiver, but the rights which have been acquired under it while it was in force do not thereby cease. It would be an act of absolute injustice to abolish with a law all the effects which it had produced. Puffendorf, B. I. c. 6, § 6.
I now go on the hypothesis that the legislature can constitutionally repeal a law under which parties have acquired inchoate rights, not perfected by full and complete satisfaction ; e. ff., while Lewis was pursuing his right to the penalty of $30 incurred by defendant, legislature could interpose an effectual barrier in his way, by repealing the law on which his action was founded; so, if the public were prosecuting defendant, for this offence, by indictment or information, and the legislature should,, as they doubtless might, repeal the law before final sentence or punishment inflicted, the offender, in these cases, would be saved from the pains and penalties he had justly incurred.
One would think, as this would be a consummation devoutly to be wished,by every offender, so it would satisfy every reasonable rogue. But this defendant goes farther. He asks us to pay him for his suffering, to give him back the penalty he has justly paid for his offences. He is not even contented with that. He must have his costs from the beginning; and the costs must be paid by one legally pursuing a public statute of the State, and to an offender. A State which should thus deal by its good and bad citizens would not long have any obedient subjects. Lord MaNSeield, in Couch, qui tam, v. Jeffries, stated a case almost as bad as this, intending to state what all would agree was absurd and unjust.
*427 It is to be remembered that, even in our system of jurisprudence, the trial at May Term, 1818, was a final trial; and that on review, though the party may have the benefit of any new and further evidence, the law must be the same.
An individual in this State once thought he had some right to complain that the legislature, by repealing a statute, took away his right to review his action. This defendant wishes not only to have the right of review, but to have the legislature pave the way for a reversal, by changing the law applicable to the plaintiff’s case, i. e. take away the plaintiff’s law.
The repeal of this law has done the defendant no injury; but, upon his construction, it will, have done the plaintiff a most cruel injury.
[It is supposed that the above views were communicated to the other judges in consultation, but not publicly announced. Judge Smith's minute on the papers is, — “ December, 1815. No. 29 continued. Ellis hesitante
[The cause, remaining pending, was transferred, by the judiciary act of 1816, to the Superior Court; and was there decided at May Term, 1817. The opinion, as reported in 1 N. H. 61, is as follows :] —■
Richabdson, C. J.
We are of opinion that the plaintiff’s right of action is taken away by the repeal of the law on which it was founded. It is clear, if the law had 'been repealed before the first judgment, the plaintiff could not have recovered. United States v. Mann, 1 Gall. 177; Yeaton v. United States, 5 Cranch, 281. By our statute of Feb. 9, 1791, §12; 1 Laws, 108, it is provided that a cause shall be tried upon review in the same manner as if no judgment had ever been given.
The first judgment was rendered for the plaintiff, subject, by law, to a review, in which the whole merits of the case could be drawn in question.
Every right he acquired by that judgment was subject to be lost on review of the cause. We are to try the cause in the same manner as if there had never been a judgment; but *428 we now find no law that will warrant a judgment in favor of the plaintiff.
The verdict must be set aside, and a verdict entered for the defendant. Judgment for the defendant.[1]

 Richardson, C. J., in Roby v. West, 1828, 4 N. H. 285, 287.

 The 'well-settled judicial doctrine, that the law-maker will not be presumed to have intended that a statute should have a retrospective operation, has been adopted by the legislature as a rule for the interpretation of future repealing acts. Gen. Laws, c. 1, §§ 33, 34; Pjerlby, C. J., in Dickinson v. Lovell, 1858, 36 N. H. 364, 366; Perley, C. J., in Colony v. Dublin, 1855, 32 N. H. 432, 434, 435; Lakeman v. Moore, 1855, 32 N. H. 410; Farr v. Chandler, 1872, 51 N. H. 545.

 Since the statute of July 2, 1838, no costs are recoverable on review, except those accruing in the action of review. See Gen. Stat. c. 215, § 13.

 The Superior Court afterwards virtually overruled their own decision m Lewis v. Foster, and used language which supports Smith, C. J., in his positions: 1st. That the legislature had not the power to defeat the plaintiff’s action by repealing the statute on which -it was founded; 2d. That even if a repeal, during the pendency of the original action, would have defeated the plaintiff, still a repeal after the plaintiff had obtained judgment could not avail the defendant upon a review.
The first position is sustained by Dow v. Norris, 1827, 4 N. H. 16, which decides that, where a statute gives a penalty to an individual, his right cannot be taken away by a repeal of the statute, although no proceedings for its recovery have been commenced at the time of the repeal. See also Richardson, C. J., in Woart v. Winnick, 1826, 3 N. H. 473, 480, 481; Sawyer, J., in Lakeman v. Moore, 1855, 32 N. H. 410, 412, 413; Pembroke v. Epsom, 1862, 44 N. H. 113. In explanation of the decision in Lewis v. Foster, it was said by Richardson, C. J., that the constitutional objection to the validity of the repealing statute was neither raised by counsel nor considered by the court. See 4 N. H. 20 ; 3 N. H. 480, 481.
As to the second point, the opinion of the Superior Court, reported in 1 N. H. 61, 62, is based upon a construction of the statute relative to reviews, which is quite irreconcilable with subsequent decisions of the same court.
“ From the very nature of the case, no matter which has arisen since the judgment can be pleaded in bar of the original action. If the verdict and judgment were originally right, nothing which has since occurred can make them wrong.” Richardson, C. J., in Burley v. Burley, 1833, 6 N. H. 204. “ It is not to be disputed that the cause is to be tried upon review in the same manner as if no judgment had been rendered therein. But what is the meaning of this ? Surely not that every thing which takes place-after the first trial shall be used in evidence on the second trial, in the same manner as if it had taken place before the first trial..... It seems to us that the meaning of this clause is only this: the first judgment shall have no weight in the trial of the cause the second time, but shall be wholly disregarded, as furnishing no evidence of the real facts of the case for or against either party. ” Richardson, C. J., in Messer v. Swan, 1828, 4 N. H. 481, 487. “. . . The controversy rests on the merits as they originally existed.” Upham, J., in Knox v. Knox, 1841, 12 N. H. 352, 354. See also Otis v. Currier, 1845, 17 N. H. 463; Edgerly v. Emerson, 1827, 4 N. H. 147; Foster v. Plummer, 1849, 3 Cush. 381, Shaw, C. J., 383; Foster, J., in Zollar v. Janvrin, 1869, 49 N. H. 114, 117. The final ver *429 dict, on review, takes effect as of the date of the former verdict. Foster, J., in Shepard v. Hatch, 1873, 54 N. H. 96, 99.
Where the writ of review is brought by a defendant against whom the original plaintiff has obtained judgment, “ it is, in effect, a new action to recover back, in the shape of damages, what the defendant alleges has been wrongfully obtained from him, by an erroneous decision, upon the first trial; the mode by which he attempts to recover being by trying over again the original cause of action, and making it appear that the plaintiff has no right to sustain a suit against him, or, at least, was not entitled to recover so much as he has obtained. The proceeding is often called an action of review. And, when thus brought by a defendant, it. may, so far as its operation is concerned, be considered analogous to an action for money had and received, to recover back money obtained by duress or some false claim.” Parker, C. J., in Knox v. Knox, 1841, 12 N. H. 352, 358.
In Lewis v. Foster, the “ new matter arising after the first judgment ” was not of such a nature as to avoid the plaintiff’s action from the beginning; nor did it arise from a voluntary act of the original plaintiff. Upon both these grounds the case is distinguishable from Barker v. Wendell, 1811, 12 N. H. 119.