(PRIZE.)

*The Venus.*—Jademerowsky, *Claimant.*

A case of farther proof.

Appeal from the decree of the circuit court for the district of Georgia. This ship having taken in a cargo at London, proceeded to Portsmouth, and from thence, on the 12th of April, 1814, sailed for St. Bartholomews, under convoy of a British ship of war. From St. Bartholomews she sailed for the Havannah, but on her passage thither was captured and sent into the island of St. Thomas, for adjudication, by a British cruiser. Upon being released from this detention, she abandoned her destination for the Havannah, and was proceeding to Amelia Island, when she was captured by the flotilla under the command of commodore Campbell, and sent into the port of Savannah, where the vessel and cargo were libelled as prize. The ship was restored by consent, in the court below, as Russian property; the cargo was condemned as prize of war, and an appeal entered from that sentence by the claimant. The proofs of property consisted, 1. Of a recital in a power of attorney, from one Jones, the alleged agent, in London, of the claimant, (who was stated to be a Russian merchant domiciled at St. Petersburgh,) to Mr. Diamond, the supercargo. 2. A certificate of property from the Russian Consul General in

London. 3. The testimony of Mr. Diamond, and other witnesses, taken *in preparatorio*, expressing their belief that the property was as claimed.

*Charleton*, for the appellant and claimant, offered to read affidavits in the nature of farther proof.

STORY, J. Until the cause is heard, farther proof cannot be admitted.

MARSHALL, Ch. J. If, upon the opening, it appears to be a case for farther proof, then it may be admitted *instanter*, unless, indeed, the court should be of the opinion that the captors ought to be allowed to produce farther proof also. The cause is before us as if in the inferior court.

*Charleton.* We contend that it is a case entitled to farther proof, and that there is no circumstance of fraud or *mala fides* to preclude it.

The *Attorney General*, contra. It is incumbent upon the claimant to make out his title by competent testimony, according to the rules of the prize court; and if the court should be of opinion, that the property does not belong as claimed, the captors will be entitled to condemnation, without specifically proving to whom it does belong.[a] The recital in the power from Jones to Diamond, cannot be sufficient to show the interest of Mr. Jademerowsky.

a 1 *Rob.* 227. The Odin. 3 *Rob.* 68. The Neptunus.

The recital in a deed binds only the parties, and those claiming under it : we are entitled to the production of the original power, duly authenticated.[b] The certificate of the Russian consul general is no proof of the real property.[c] The failure on the part of the supercargo to testify, positively, as to the property, is, in the prize court, always held strongly against the title of the claimant. The cargo was purchased and loaded in a British port, and the ship had an alternative destination to a British colony. The voyage is different from that authorized in the original power from Mr. Jademerowsky to Jones ; and, therefore, such power either never existed, or it is falsified by the evidence, and must be repudiated by the court.

*Pinkney*, in reply, agreed that, in a suspicious case, restitution could not be demanded upon the original evidence ; but, this is a case of farther proof, and there is no evidence of fraud, or unneutral conduct, to preclude it. The documentary evidence expresses neutral account and risk. By the law of nations, the papers must be supported by the examinations *in preparatorio* ; but, there is no determination which warrants the position, that the supercargo must swear to any thing more than *belief*. He is, in this respect, in the same predicament with the master. In both cases, it is matter, not of positive knowledge, but of inference from the circumstances which

*b* 1 *Rob.* 133. The Argo.    *c* 1 *Rob.* 19. The Endraught.
*d* 1 *Rob.* 68. The Neptunus.

come to his knowledge. The consular certificate is a part of the ship's papers, and, as such, is necessarily a part of the documentary evidence in the cause. The recital of the procuration is said not to be admissible at common law; but, this court is now sitting as a court of prize.

The cause was this day ordered to farther proof, on the part of the captors and claimants.

Farther proof ordered.

