Mr. Justice Colcock
delivered the opinion of the court:
No doctrine of law is better established than that where one commits an offence which is made felony by statute, and then the statute be'repealed, he cannot be punished as-a felon in respect of that statute. (1 Hawk. P. C. 306, Bee. 10. 1 Hale, 219.) And the doctrine applies as well to the imposing and recovery of penalties, as to the creating and punishment of felonies. The reason of the law is obvious ; it is not only unwise and impolitic, but it is unjust to punish a man for the commission of an act which the law no longer considers as an offence. The policy of a country may require the prohibition of certain acts, or the performance of certain duties for a time, after which, the acts may be innocent, and the duties not required. It would not be less absurd to punish a man for an act which is not illegal at the time the punishment is-inflicted, than to punish him for one which never has been declared illegal; and upon an examination of the authori *3 fies relied oil by the counsel for the appellant, it will be found, that they are all embraced'within this doctrine.— They are all cases where the laws wrhich subjected the off fender to a penalty, are clearly and fully repealed; or where a benefit was confered and afterwards taken away. The first is Miller’s case, 1 Wm. Black. 451, where the .authority to discharge Miller from imprisonment had been taken away before he was discharged ; and it is said even offences against the clause, could mot now be permitted, .unless by a provision to that effect, and'therefore, (says •the case) a clause was introduced into the repealing- law to that..effect. The next is the case of Passpmore, (4 Dallas, 372, ) who was indicted in 1804, under the provisions of the bankrupt law of 1800, which had been repealed in 1803. I say he was indicted under the act, because it appears to have been such an indictment, from the argument of the District Attorney, (Mr. Dallas,) who contended, that notwithstanding the repeal of the act, and the form of the indictment, the defendant might be convicted as for a common law offence, and the words “ against the form of the act,” be regarded as surplusage. But to this, there was the insurmountable objection, that the law being repealed, the act was extra-judicial, and .consequently there was no law of force which declared the act to-be perjury, or by which it could be so considered. The next is the case of Yeaton et. al. vs. U. States, 5 Cra. 281. This was a case in the Admiralty, and the circumstance of a judgment haying been rendered before the repeal of the law, does not distinguish it from the other cases relied on, when it is recollected, that in this jurisdiction, cases in appeal are to be heard de novo, as if no sentence had been passed. When the case came before the court on appeal, the law which made the act criminal, was repealed, and being considered as not before tried, the general doctrine applied. It was a case in which an attempt was made to recover a penalty after the expiration of the law which imposed it. The case from 6 Crunch, 329, was also an admiralty case, to which the same observations are applD *4 cable. But the case before us is one of a different character, and is distinguishable in two important particulars.--The act of 1819, is only a re-enactmeat of the act of 1809, and the former acts, with some small alterations. If is a continuation of the same system of police which has beori in operation for upwards of seventy-six years. There is no repugnancy in these acts ; all of them require the performance of that duty which the Relator neglected to perform : all of them imposed a penalty on the non performance, and all of them recognize the old and long established jurisdiction, by which the fines are to be recovered.— The act of 1819, and that of 1809, differ in three particulars. 1st. As to the amount of fines. By the act of 1809, the fine imposed was five dollars, and five per cent, upon the amount of the last general tax. By the act of 1819, the fine is two dollars, and ten per cent, upon the tax. — . 2d. In the person before whom the penalty is to be recovered. By the act of 1809, it was to be recovered before the captain. By the act of 1819, it is to be recovered before the captain and his officers, who are called a court-martial. And lastly, in the appropriation of the fines.— In the act of 1809, it was to go to the use of the company. In that of 1819, it is to go to the use of the poor. The first point of difference does not constitute a repugnancy, for the act of disobedience is still held criminal, and a fine is still imposed; and being increased in amount by the last law, shews that the act is considered more criminal, and consequently furnishes a stronger reason, why it should be punished ; and this points to the first important distinction between this case and those cases in which it ceases to be necessary to punish the act at all, because it iá no longer an offence. The second point of difference does not constitute a repugnancy. It is the same jurisdiction to recover these fines : no other judicial power is committed to it. The court consists of three Judges instead of one, but this does not make the jurisdiction different. When a Judge is added to the Common Pleas Bench, as was lately done, we do not hold fhat the jurisdiction is *5 .changed. It is still the same court, ■ and possesses the same powers, although the number of Judges be different. But if the jurisdiction is changed, still the offence would be punishable; for where “the offence was punishable before the statute, which prescribes a particular method of punishing it, there such particular method is cumulative.” (2 Hawk. 302, note 3.) And in page IS, of the same authority, it is said, “ affirmative statutes shall not, without express words, be construed to take away the jurisdiction of an ancient court.” And the power of collecting the fines was given to the captain of the respective companies in 1746, and has been exercised by them ever since, until 1819. The third point of difference cannot affect the question; for the appropriation of the fine cannot take place until after the determination, of the question, whether it can be recovered. Having shewn that there is no repugnancy between the latter and former laws in those particulars which can effect the Relator, it is only necessary to remark on the repealing clause, that it only repeals so much of the former laws as are repugnant to the provisions contained in it.
The second important particular in which the case before us differs from the eases relied on is, that judgment' having been rendered on a matter still held criminal, and our court possessing no such power as the Admiralty court of trying the case de novo, oúr judgment must have relation back to the former judgment. The question before us now is, not whether the Relator is to be fined, and in what amount; but whether he has been legally fined, and in a proper amount, and whether judgment and execution can now be enforced; and of this, the court entertain no doubt. The motion is therefore granted.
'Justices Bay, Gantt and Johnson, concurred.