The Chief Justice delivered the opinion of the court.
1. The first reason assigned for the reversal of the judgment in this case was adjudged insufficient for the like purpose in the case of Sandford, v. Colfax, 1 South. 120.
2. The second reason for reversal is that "prior to ’the commencement of the action in the court below, the act of March, 1798, whereby an action was given to the plaintiff to recover the debt and costs mentioned in an execution, from a constable for neglect of duty, was repealed. The point on which this question depends is whether prior to the repeal any right was by the statute vested in the plaintiff; for it is agreed on all hands and fully supported by the authorities in the books, that a repeal does not affect any vested right, even where the statute contains no saving clause. Now in the present case a neglect of duty within the statute having occurred, the constable immediately by force of. the statute became liable to the plaintiff for the *208] amount of debt and costs *mentioned in the execu *261 tion. A right to recover such amount was when the neglect took place forthwith vested in the plaintiff. Th,e liability of the constable, and the right of the plaintiff to recover, did not by any means depend on the commencement of the action or on the rendition of the judgment. Both were fixed by the statute. Both existed prior to the commencement of any suit. The action was merely the mode whereby the existing liability and right were to be enforced. Hence the repeal of the statute could not legally destroy the right of the plaintiff in execution. The cases cited on the part of the plaintiff in certiorari do not reach the present question. There is a wide distinction between the matter of civil right and the cases of crime or of penalties which may be recovered by any person who will sue. In The United States v. Passmore, 4 Dall. 372, the statute of the United States which made certain acts an indictable offence having been repealed before the finding of the indictment, there existed no such offence, and consequently the acts could not as such be the subject of indictment or punishment. In popular actions given to common informers, no person is entitled to the penalty, no right is vested in any person, until at least an action is commenced. It is otherwise when the party aggrieved is entitled to recover. Yelv. 53; Andrews, 70; 1 D. and E. 705. In the case of The Commonwealth v. Duane, 1 Binney 608, Chief Justice Tilghman made these apposite remarks; “ If the same expressions, [alluding to an act of the legislature] had been used as applied to a civil action, I should have thought myself warranted in giving it a different construction, because then it would have operated in a retrospective manner so as to take away from a citizen a vested right. But there is a wide difference between a civil and a criminal action. In the latter the commonwealth only relinquishes its own right of inflicting punishment.” In the case of The State v. Shinn, 2 South. 553, and in Miller’s caso, 1 W. Bl. 451, which were applications for discharge as insolvent debtors, no right had vested in the applicants *262 prior to the repeal of the acts, which took place while the proceedings were in progress. The applicants were not in these cases entitled to discharge until they had complied with the requisitions- of those acts which remained as yet undone at the time of their repeal.
3. The third reason is that the judgment against the constable was rendered for the interest as well as the debt and *209] costs *mentioned in the execution. The words of the statute are that “ the constable shall be liable to pay to the person in whose favor the execution issued the debt or damages and costs or any of them mentioned therein.” The sound construction of the act is that the constable shall be liable for whatever he might have lawfully raised under the execution : And although by the words of the execution and by the terms of the statute, Patt. 317, sec. 25, the execution commands the constable to levy the debt or damages and costs, yet he does actually and rightfully levy interest upon the debt. -Any other construction would operate as a bounty to the constable for delay and misconduct. The twenty-second section of the statute respecting sheriffs, Pev. Laws 241, directs that the sheriff, for neglect of duty on writs of execution, “ shall be amerced in the value of the debt or damages and costs,” yet the uniform course of'this court has been to amerce in the amount of the interest also. In the case of Hunt v. Boylan, 1 Halst. 211, on a similar reason assigned for reversal, Chief Justice Kirkpatrick said, “ I should be very much inclined to think that the debt included the interest.” In Jones v. King, the allowance of the interest against the constable was held to be an insufficient cause for reversal.
Let the judgment be affirmed.