STALBIRD, *Appellee, v.* BEATTIE *& al., Appellants.*

An appeal from the Common Pleas to the Supreme Judicial Court vacates the judgment appealed from, but leaves the case, with all its incidents, its pleadings and evidence, unaffected.

The statute makes an auditor's report competent evidence for the party in whose favor it is made, subject to be impeached; and an appeal can no more destroy such report, than any other evidence upon which the party is entitled to rely.

APPEAL from the Court of Common Pleas. In the court below

the action had been referred to auditors, to state the account between the parties, who had made their report to the court below. Judgment was rendered against the defendants, and they appealed to this court, and moved that the action be referred to auditors anew, on the ground that the appeal vacated the appointment and report of the auditors in the court below. The court being of opinion that the appeal had no such effect, denied the motion, and the defendants excepted thereto.

*Heywood,* for the defendants.

*Burns & Fletcher,* for the plaintiffs.

FOWLER, J. The effect of a simple appeal from one common law court to another, under our statute, is to vacate the judgment appealed from, but leave the cause, with all its incidents, precisely as it stood before the rendition of that judgment. The pleadings and evidence remain unaffected. The cause is to be heard and tried in the appellate court, as if no judgment had been pronounced or rendered in the court below. The appeal does not avoid the report of the auditors, but the Supreme Court may proceed and give such judgment thereon as the Common Pleas would have done if a jury trial be not had. The matter is not to be taken up *de novo,* but the action of the Supreme Court will commence at that stage of the proceedings which existed immediately prior to the judgment of the court below. *Erwin* v. *Arthur, Cameron* v. *Norwood,* (N. C. Rep. 490) *In the Matter of Dyott,* 2 Watts & Sergent 557 ; *M'Lellands' Appeal,* 26 Penn. State Rep. (2 Casey) 463 ; *Yeaton* v. *United States,* 5 Cranch 281 ; *The Venus,* 1 Wheaton 113 ; *Campbell* v. *Howard,* 5 Mass. 376 ; *Keene* v. *Turner,* 13 Mass. 366 ; *Paine* v. *Cowdin,* 17 Pick. 142 ; *Davis* v. *Cowdin,* 20 Pick. 510.

By the express provisions of our statute, the report of auditors is made competent evidence for the jury, subject to be impeached by evidence offered by either party. Rev. Stat., chap. 189, sec. 5 ; Compiled Laws 490. The appeal can no more destroy

Stalbird *v.* Beattie.

such report, than any other evidence upon which the party, in whose favor it may happen to be, is entitled to rely on the trial before the court or jury; and it seems to us quite impossible to hold that an appeal can deprive either party of any portion of the evidence before available to him.

We are, therefore, of opinion that the motion to refer to auditors anew, was properly denied, and the exceptions of the defendants to such denial must be overruled.

*Exceptions overruled.*