STATE *ex rel.* J. B. HARRIS *v.* JOHN BROWN.*

(*Nashville.* December Term, 1927.)

Opinion filed May 26, 1928.

1. **DELINQUENT TAX LAW. ATTORNEY. LUCRATIVE OFFICE.**

The Act of the legislature providing a method for collecting delinquent taxes and further providing that after the "County Trustee has exhausted the ordinary remedies for the collection of taxes he shall deliver the delinquent lists of all unpaid land taxes to an attorney chosen by him, with the approval of the County Judge, or Chairman of the County Court, and they shall cause said attorney to prepare and file suits in the Chancery or Circuit Courts for the collection of all delinquent land taxes, and all arrears of taxes due the State, county and municipality," does not create an office. The status of the attorney under such employment is that of an attorney toward his client. (Post, p. 40.)

Citing: Acts 1907, ch. 436; Acts 1923, sec. 6, ch. 77.

2. **PUBLIC OFFICE. HOLDING MORE THAN ONE. OUSTER. QUO WARRANTO.**

In order to prevent one person from holding more than one lucrative office in violation of the Constitution a proceeding in the nature of **quo warranto,** should be brought, and not a suit under the ouster law. (Post, p. 41.)

Citing: Constitution, Art. 11, sec. 26; Acts 1915, ch. 11; Shannon's Code (1917 Ed.) sec. 5165.

3. **PUBLIC OFFICE. LUCRATIVE OFFICE. USURPATION. REMEDY.**

No person can hold more than one lucrative office, and an incumbent who accepts another vacates the first, so that he can only

exercise the powers of the last office accepted and any attempt to do so is a usurpation for which a proceeding in the nature of quo warranto will lie. (Post, p. 41.)

Citing: Wallace v. Grubb, 154 Tenn. (1 Smith), 655.

---

## FROM SHELBY.

Appeal from the Chancery Court of Shelby County.— HON. D. W. DEHAVEN, Chancellor.

COLLIER & COLLIER, for complainant.

CHAS. M. BRYAN, for Brown.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed upon relation of citizens, under Chapter 11, Acts of 1915, to remove the defendant from an office designated as Back Tax Attorney of Shelby County. It is alleged that he is a Senator in the General Assembly of Tennessee, and in addition holds the office of Election Commissioner for Shelby County, under Chapter 436, Acts of 1907, and of Back Tax Attorney, under Chapter 77, Acts of 1923.

The prayer of the bill is that defendant show why he should not be suspended from the office of Back Tax Attorney, and upon final decree that he be removed from that office.

(1) The cause was heard by the Chancellor upon bill, answer, and complainant's application for an order suspending defendant from the office of Back Tax Attorney.

The Chancellor denied the order and held that Chapter 77, Acts of 1923, did not create an office. Section 6 of the Act provides, that after the County Trustee has exhausted the ordinary remedies for the collection of taxes he shall deliver the delinquent lists of all unpaid land taxes to an attorney chosen by him, with the approval of the County Judge, or Chairman of the County Court, and they shall cause said attorney to prepare and file suits in the Chancery or Circuit Courts for the collection of all delinquent land taxes, and all arrears of taxes due the State, county and municipality.

We concur in the conclusion of the Chancellor that this provision of the Act does not create an office. The *status* of the defendant under his employment by the County Trustee and County Judge was that of an attorney toward his client.

*(2)* Admitting that defendant occupies three lucrative offices contrary to the provision of Article 11, Section 26 of the Constitution, Chapter 11, Acts of 1915, would afford no remedy. Resort would be to a proceeding in the nature of *quo warranto* under Section 5165, of Shannon's Code. Chapter 11, Acts of 1915, provides a remedy against officers who knowingly or wilfully conduct themselves in office, or who knowingly or wilfully neglect to perform any duty enjoined upon them by law, or who are guilty of certain acts involving moral turpitude.

*(3)* The allegations of the bill are that the defendant holds three offices. An incumbent of office who accepts another vacates the first. *Wallace* v. *Grubb*, 154 Tenn., 655. The defendant could only exercise the powers of the last office accepted. Under the statements

of the bill he is usurping the powers of those vacated. For such usurpation of the vacated office, the remedy is by *quo warranto* as above indicated.

We find no error in the decree of the Chancellor. Affirmed.