First Nat. Bank of Chattanooga *v.* Coffey *et al.*

(*Jackson*, April Term, 1936.)

Opinion filed July 6, 1936.

C. C. MOORE, BURNET SIZER, and W. F. GRUBB, all of Chattanooga, for appellant.

J. B. MILLIGAN, of Chattanooga, for appellees.

MR. SPECIAL JUSTICE R. A. DAVIS delivered the opinion of the Court.

This cause involves the determination of the right of the back tax attorney of Hamilton county to collect a fee of $8,727.44, as the seven per cent. penalty on certain delinquent taxes claimed against property which E. H. Lawman, receiver, is alleged to owe. The taxes, upon which this additional penalty is claimed, were levied on real estate covered by mortgages held in what is called the participation certificate mortgage pool, and of which Lawman is receiver.

The right to collect this penalty is not asserted by the state, nor in the name of the state, but is prosecuted alone by the back tax attorney in his own name, and for his individual benefit. He filed his original petition in this cause, alleging that, as such back tax attorney, he filed suit in the chancery court of Hamilton county, in the name of the state, to collect back taxes against a large number of delinquent properties, including the properties of said receiver. He alleges that the General Assembly passed chapter 38, Pub. Acts of 1935, in which the Legislature purports to reduce the fees of the back tax attorney from ten per cent. to three per cent.; that a question arose with Lawman, receiver, as to the validity

of this provision of the act, when an agreement was entered into with said receiver, evidenced by the receiver's letter exhibited with the petition (referred to below), and it is then alleged that in a suit in Coffee county, involving the constitutionality of the said act, the same was held unconstitutional, and petitioner charges that he submitted to the receiver documents of the Coffee county case, notwithstanding which the receiver said that before paying the additional seven per cent. attorney's fees the matter should be submitted to the chancellor. The prayer of the petition is that the receiver be directed to pay petitioner the remaining seven per cent. attorney's fees to which he claims he is entitled.

The receiver answered the petition, and pleads the enactment of the 1935 act as a defense. He admits writing the letter exhibited with the petition, and says that the petitioner, acting for the state and county, consented that the lien of the state and county for said taxes should be released upon the payment of the three per cent. penalty instead of ten per cent., and that the taxes in question, together with the three per cent. penalty, were accordingly paid into court, whereupon the property was released from the lien of said taxes by decree of the court. The receiver further states in his answer that he did not agree to be controlled by the decision in the Coffee county case, and says that it was not contemplated that the question of petitioner's fee would be settled otherwise than by an order of the court directing the receiver to pay, or not to pay, the additional seven per cent. And it is pointed out that the chancellor, in the Coffee county tax case, did not hold that the state could not remit seventenths of the penalty due the state from the taxpayers.

The answer further states that the back tax attorney did not file his bills for the collection of delinquent taxes until two days prior to the passage of the 1935 act, and that his appointment as such back tax attorney was not approved until after the passage of said act.

The petitioner filed what is styled a replication to the receiver's answer, but no specific attack is made therein upon the constitutionality of chapter 38, Pub. Acts 1935. So there is no direct attack made upon the constitutionality of this act, unless the proceedings in the Coffee county case, which were exhibited with the record, may be considered such attack.

The letter which the receiver wrote the back tax attorney is of date May 3, 1935, and therein the receiver states that in consideration of the attorney's agreement to accept three per cent. as his fee, the receiver will pay all the taxes at once, and when the matter of fee is settled, if it is held that the attorney is entitled to the full ten per cent., the receiver will at once pay the additional seven per cent., and the receiver states: "This includes all taxes delinquent, up to and including 1933. I understand, however, that the receipts which we receive will be receipts in full, and that there will be no lien retained on the property."

A stipulation was made to the effect that the statement of facts in the petition and in the receiver's answer are true; that the exhibits with the petition and answer are true copies; that the seven per cent. claimed by the back tax attorney amounts to the sum already stated, of which $2,745.94 is fees for 1933 taxes. On this record, the chancellor, following the Coffee county case, held that chapter 38 of the Public Acts of 1935 is unconstitutional,

in so far as it affects a reduction of the back tax attorney's fees. The chancellor was of the opinion that the ten per cent. penalty provided by Code, section 1590, was contractual, and that the legislation in question violated such contractual obligation; these suits for the collection of the ten per cent. fee having been filed two days prior to the passage of said act. He accordingly entered an order directing the receiver to pay the back tax attorney the sum of $8,727.44. The receiver has appealed, and insists that the 1935 act is valid, and is a bar to the collection of more than three per cent. penalty as attorney's fees.

Counsel for the back tax attorney quote the definition of a penalty as given in 25 C. J., 1178, 1179, as follows:

"A penalty is a sum of money of which the law exacts payment by way of punishment for doing some act that is prohibited or omitting to do some act that is required to be done. The term involves the idea of punishment, either corporal or pecuniary, although its meaning is generally confined to pecuniary punishment; and its character is not changed by the mode in which it is inflicted, whether by a civil action or a criminal prosecution."

It will be noted, under this definition, that a penalty is pecuniary punishment exacted by the law for omitting to do an act which the law requires to be done. It seems to be in accord with the general idea that the penalty which our statute imposes upon delinquent taxpayers is punishment fixed by law, for failure to perform the duty of paying taxes prior to delinquency thereof.

The back tax attorney's counsel also stress the authority of State of Mississippi v. Miller, 276 U. S., 174, 48 S. Ct., 266, 72 L. Ed., 517. This was a controversy be-

474

tween the Mississippi state revenue agent and his predecessor in office, as to who should have the statutory fees on taxes which were actually paid after suit was brought. Under the statute there before the court, the contending parties were officers. They rendered services under a law which fixed their compensation as officers, and it concerned the right to the fees actually collected. We think it is not in point with the case at bar.

This court has said that the status of a back tax attorney, and his relation to the state, is that of lawyer and client. *State* v. *Brown*, 157 Tenn., 39, 6 S. W. (2d), 560.

There is respectable authority to the effect that statutes which permit the payment of back taxes, relieved of all penalties, are valid, and that the back tax attorney has no vested contractual right to fees for services rendered under contract in delinquent tax suits. *State* v. *Bair*, 333 Mo., 1, 63 S. W. (2d), 64; *Jones* v. *Williams*, 121 Tex., 94, 45 S. W. (2d), 130, 79 A. L. R., 983. Other cases will be found in the annotations to the case last cited.

But as the question is here presented, we do not feel called upon to determine the constitutionality of chapter 38, Pub. Acts of 1935. We think the back tax attorney is not in a position to attack the validity of that act, even if we concede that his pleadings are broad enough to raise such an attack. This is so because the statute does not attempt to give him an individual right of action; if the right exists to collect a penalty from a delinquent taxpayer, that right is in the state alone, and it is only in an action in the name of the state, for its own benefit, or the benefit of a county or municipality to whom

delinquent taxes are due, that the right to collect the penalty in question can be asserted. In this case, the state is not a party, and it is not seeking to collect an additional penalty from the delinquent taxpayer. On the other hand, the record shows that the demands of the state have been satisfied, and the property discharged of tax liens, and the state's right of action has been extinguished. It is only the back tax attorney, in his supposed individual right, and in his own name, who complains. He is a mere attorney for his client, the state of Tennessee, and his client is satisfied. The back tax attorney cannot be heard to assert his claim for such penalty, when his assertion is against the will and policy of the state, his client. A private person cannot sue in his own name for a penalty, unless the penalty is given to him as the injured party. 25 C. J., 1191. The tax statutes (Code 1932, section 1591) do not give the back tax attorney a right of action in his individual name, but the right to collect the penalty, or any portion thereof, is reserved to the state alone, and in its own name and right. And we think there is no doubt that the state, which originally imposed the penalty upon the taxpayer, may itself remit such penalty. If, by remitting the penalty, the sovereign should violate a contract which it had with its own attorney, the result would not be to cast the responsibility on the taxpayer; and the state being sovereign, and not subject to suit of its own attorney, the attorney probably is left without remedy.

The right of the Legislature to remit a penalty which it had imposed is well illustrated in *State of Maryland* v. *Baltimore & Ohio R. Co.*, 3 How., 534, 552, 11 L. Ed., 714. In that case, the action was brought to recover a penalty

of $1,000,000 for the breach of an alleged contract upon the part of the railroad company to locate its railroad line in a certain county. The duty of so doing was provided by a legislative act, which fixed a forfeiture of $1,000,000 in case of a breach of the agreement to locate the track in Washington county. In an opinion by Chief Justice TANEY, the word "forfeiture," used in the legislative act, was construed to mean a penalty, and it is pointed out that in legislative proceedings a forfeiture is always to be regarded as a penalty, and as punishment for violation of some duty enjoined upon the parties by law; and it is said:

"In this aspect of the case, and upon this construction of the act of Assembly, we do not understand that the right of the state to release it is disputed. Certainly the power to do so is too well settled to admit of controversy. The repeal of the law imposing the penalty is of itself a remission. ([*U. S.* v. *Schooner Peggy*], 1 Cranch, [103], 104 [2 L. Ed., 49]; [*Yeaton* v. *U. S.*], 5 Cranch, 281 [3 L. Ed., 101]; [*U. S.* v. *The Helen*], 6 Cranch, 203 [3 L. Ed., 199]; [*Schooner Rachel* v. *U. S.*], 6 Cranch, 329 [3 L. Ed., 239])."

We think the penalty claimed is one which belongs to the state alone, and which only the state could collect, and which the state had the right to remit, and that the back tax attorney has no standing to assert a right which the state has repudiated. And the back tax attorney's asserted rights do not rest upon any contract with the receiver, but adhere in the statutes of the state governing the right of the State to collect a penalty of a delinquent taxpayer.

The back tax attorney's status is in some respects

similar to that of one legally employed by legally constituted officers, such as road commissioners; when such officers lose their office, through legislative enactment, all the employees lose their employment, in the absence of a saving clause, as this court decided at the present term, in the case of *Rutherford County* v. *Powers*.[1]

It results that the decree of the chancellor will be reversed, and the back tax attorney's petition dismissed, but at the cost of Lawman, receiver.

[1] Not for publication.