**UNITED STATES of America,**
**Appellee,**

v.

**Bonn BROWN, Appellant.**

**No. 12872.**

United States Court of Appeals,
Fourth Circuit.

Argued March 5, 1974.

Decided Nov. 12, 1974.

Raymond W. Bergan, Washington, D.C., for appellant.

John A. Field, III, U. S. Atty. (Robert B. King, Asst. U. S. Atty. on brief) for appellee.

Before CRAVEN and WIDENER, Circuit Judges, and WARD, District Judge.

WIDENER, Circuit Judge:

The defendant Brown was indicted in a one count indictment and subsequently convicted of conspiring to violate 18 U.S.C. § 1952. He was charged, along with Barron, Sawyers, Johnkoski, Gore and Schroath of conspiring to travel in interstate commerce and to use interstate facilities with the intent to carry on an unlawful activity, the activity being the giving and receiving of bribes under West Virginia law (W.Va. Code §§ 61–5–4 and 61–5–5). We vacate and remand for a new trial for reasons which follow.

The conviction was appealed to this court and affirmed in United States v. Sawyers, et al, 423 F.2d 1335 (4th Cir. 1970). Following the affirmance here, a petition for rehearing was filed which raised the following points: (1) the books of Southern Calvert Corporation were erroneously not required to be produced and were excluded from evidence by the district court; (2) the Allen charge was erroneously given; and (3) the West Virginia bribery statutes involved in the case were unconstitutional. We denied the petition on grounds (1) and (2), but remanded on ground (3), although not previously raised in the appeal " . . . to stay the order of conviction until the West Virginia Supreme Court has resolved the issue now pending before it of the constitutionality of Sections 4 and 5, Article 5, Chapter 61, of the West Virginia Code."

Following remand, the West Virginia Supreme Court held the statutes involved to be constitutional, and also held that a person in Johnkoski's position could not have been bribed under the West Virginia statutes mentioned in the indictment because not a ministerial officer within the meaning of the statutes.[1]

■ The district court had treated Johnkoski, the Deputy State Highway Commissioner, as a ministerial officer of the State during the trial. And we hasten to add that, absent authoritative guidance from a State court, its ruling on this question seems quite correct. But the West Virginia Supreme Court has since found otherwise, and we are bound by its ruling on this matter of State law.

On appeal, the defendant now claims that, since Johnkoski was not a ministerial officer of the State, and since some of the acts for which he may have been convicted might have involved only himself and Johnkoski, who may not be guilty of accepting a bribe under West Virginia law, his conviction must be set aside. The United States argues that we should not take a narrow view of the State statute involved. It points out that the evidence against Brown is ample to convict, and that, in all events, Brown did not raise the point here pressed on his direct appeal and the ruling of the West Virginia Supreme

1. State ex rel. Carson v. Wood, 154 W.Va. 397, 175 S.E.2d 482 (1970); State ex rel. Gillespie v. Wood, 154 W.Va. 422, 175 S.E. 2d 497 (1970).

Court was beyond the scope of the remand.

The indictment itself charges a violation of 18 U.S.C. § 1952 "in violation of Sections 4 and 5, Article 5, Chapter 61, of the Code of West Virginia." Since the indictment charged the violation of specific code sections (we imply no criticism on this account), and the West Virginia Supreme Court has construed those sections, whether we read them broadly or narrowly is of no moment, for we are bound by the State construction. Our view of the statutes is thus circumscribed, and Johnkoski may not be considered a ministerial officer subject to accepting a bribe.

We agree with the government that the evidence is ample to sustain a conviction under many theories of the case. But the case was submitted to the jury on the basis that if "one or more of such persons do any act to effect the object of the conspiracy," he might be found guilty. While this is a correct charge, the difficulty is that the jury might well have believed that Brown and Johnkoski alone were involved in one of the many instances of bribery which the evidence tended to show and based its verdict against Brown on such belief. Since Johnkoski was not subject to accepting a bribe under §§ 4 and 5, of Article 5, Chapter 61, of the West Virginia Code, a conviction which might be based on the belief by the jury that he was a ministerial officer as defined by the Code sections may not stand. We repeat, the district judge had no way of anticipating the rulings of the West Virginia court in *Carson* and *Gillespie*.

It is true that the defendant did not raise the claim now made in his direct appeal. But we think in the rare instance when a court of last resort has decided a matter of law binding on us, which results in an entirely different outcome of the case under consideration, that we should heed the decision. See Yeaton v. United States, 5 Cranch 281,

3 L.Ed. 101 (1809); United States v. Chambers, 291 U.S. 217, 223, 54 S.Ct. 434, 78 L.Ed. 763 (1934); Hamm v. Rock Hill, 379 U.S. 306, 313, 85 S.Ct. 384, 13 L.Ed.2d 300 (1964); Bell v. Maryland, 378 U.S. 226, 237, 84 S.Ct. 1814, 12 L.Ed.2d 822; United States v. The Schooner Peggy, 1 Cranch 103, 110, 2 L.Ed. 49 (1801).

Vacated and remanded for a new trial.

HIRAM H. WARD, District Judge (concurring):

The panel does not disagree that under the West Virginia Supreme Court's interpretation of Sections 4 and 5, Article 5, Chapter 61 of the West Virginia Code in *Carson*[1] and *Gillespie*[2] a person occupying Johnkoski's position is not a bribable public official. The trial of this case, unfortunately, occurred prior to those decisions, and the able District Judge instructed the jury (as any trial judge would have done under the circumstances) to include Johnkoski as such an official. Irrespective of what we may think of the majority opinions in *Carson* and *Gillespie*, we do agree that these decisions are binding upon us.

The indictment here charged the defendant, and others, with conspiring to violate 18 U.S.C. § 1952 and is premised upon the giving and receiving of bribes in violation of the West Virginia statutes referred to above. Therefore, if the jury believed the testimony of the witness, James Render, which involved only his activities with the defendant and Johnkoski, it *could* have convicted the defendant on this evidence alone pursuant to the Court's instructions, subsequently made erroneous by *Carson* and *Gillespie* because Johnkoski was included as a bribable official. On the other hand there is an abundance of evidence by one Isadore Lashinsky of his illegal activities involving both Sawyers (who was a bribable public official under the statute) and Johnkoski which would drop the net over this

1. State ex rel. Carson v. Wood, 154 W.Va. 397, 175 S.E.2d 482 (1970).

2. State ex rel. Gillespie v. Wood, 154 W.Va. 422, 175 S.E.2d 497 (1970).

defendant because of his activities with Johnkoski. Lashinsky originally refused to testify, asserting his Fifth Amendment right against self-incrimination, but subsequently testified under a grant of immunity.

The question at this point then becomes which one, or both, of these witnesses did the jury believe. If the answer is Render alone, the conviction cannot stand under the District Court's instructions. If the answer is Lashinsky, or both Lashinsky and Render, the conviction should be affirmed. These are questions that cannot be answered from the cold record without engaging in speculation and conjecture for we know not what transpired within the jury room. Consequently, I believe it my duty to vote for reversal and to remand for a new trial, while at the same time agreeing with the dissent that such " . . . does not really help the defendant except to postpone the inevitable day . . . ."

CRAVEN, Circuit Judge (dissenting):

This is not a bribery case. Whatever may be said of the decision of the Supreme Court of West Virginia indicating that a person in the position of Johnkoski could not have been bribed under the West Virginia statute, or put more accurately, could be "bribed" with impunity, I would assume that any public employee of West Virginia is capable of committing the offense of common law bribery, and that alone, it seems to me, is a sufficient rationale to sustain the judgment of conviction.

As to the theory of violating the statutory bribery laws of West Virginia, I agree with the district judge that the evidence is simply overwhelming that Sawyers received bribes, and it is undisputed that Sawyers qualified under the West Virginia bribery statute as a public

official. I also agree with the district judge that the jury could not have failed to believe that anyone who bribed Johnkoski also bribed his superior officer Sawyers and that cash bribes came to Sawyers through Johnkoski.

I would affirm for the reasons stated by the able and experienced district judge. If there was error in failing to more carefully separate the roles of Sawyers and Johnkoski the evidence of the former's receipt of bribes is so overwhelming that I have no difficulty concluding that any such error was harmless beyond a reasonable doubt.[1] To reverse and remand this case for a new trial invokes the equivalent of an automatic reversal rule incompatible with Rule 52(a) Fed.R.Cr.P., and does not really help the defendant except to postpone the inevitable day of an unimpeachable guilty verdict.

1. Since the error, if any, is not of constitutional magnitude, it is not necessary to apply such an extreme test. If we believe, and I do, that it is highly probable that the error did not affect the verdict, i. e., that the jury would almost surely have convicted anyway even if told to disregard bribes given to Johnkoski only, then the judgment should be affirmed. See Traynor, The Riddle of Harmless Error 34, 35 (1970).