Marsh *v.* Shute.

MARSH and others *vs.* SHUTE, WILBUR and LASHER.

The provision in 1 *R. S.* 486, § 100, imposing a penalty upon trustees of school districts for failing to render an account, or to pay over the public money in their hands, on the expiration of their offices, provides for a several penalty upon each trustee who shall omit to perform his duty, and does not authorize a joint suit or recovery against several; and where a recovery was had against three, for a single penalty, the judgment was held to be erroneous.

Where a penalty is prescribed for an *omission* to perform a particular duty, enjoined upon a class of public officers, the offence is in its nature several, and each offender must be prosecuted separately. *Per* BEARDSLEY, J.

But where the penalty is given for an *act* which several may join in committing, a joint action may be sustained, and in such case but one recovery can be had for the commission of that act. *Per* BEARDSLEY, J.

So where the words of the statute provide that "the person or *persons*" offending shall forfeit a certain sum, a joint recovery may be had. *Per* BEARDSLEY, J.

ERROR to the Schenectady common pleas. Marsh and the other plaintiffs in error, as trustees of school district No. 8 in Duanesburgh, on the 25th October, 1841, sued the defendants in error, who were late trustees of that district, in debt for a penalty of $25, alleged to have been incurred for neglecting to render an account of the school moneys in their hands pursuant to 1 *R. S.* 486, §§ 98, 99, 100, 101. The defendants pleaded the general issue, and the cause was tried by a jury.

It was proved that the plaintiffs were chosen trustees at a special district meeting held on the 20th of October, 1841, the defendants having held that office the preceeding year, and some evidence was given that the defendants were called on to render their account at that meeting, and it appeared that one of them had handed to the clerk a paper called a report, containing

a statement of the public money received and paid out by them, but it was not signed by the defendants. No money was paid over by them, and it did not appear that they were called upon to pay over any. The jury gave their verdict for the plaintiffs for $25, for which and the costs, the justice rendered judgment, which was reversed on *certiorari* by the common pleas. The plaintiffs brought error to this court.

*J. C. Wright*, for the plaintiffs in error.

*P. Potter*, for the defendants in error.

*By the Court*, BEARDSLEY, J. The justice rendered judgment in this case against three persons for a penalty of twenty-five dollars. This, I think, the statute does not authorize. The section is in these words: " Every trustee who shall refuse or neglect to render such account, or to pay over any balance so found in his hands, shall, for each offence, forfeit the sum of twenty-five dollars." (1 *R. S.* 486, § 100.) This plainly contemplates a several penalty upon each and every trustee who shall so refuse or neglect to perform his duty, and not a penalty upon all jointly, who may be in default. The words used are distributive: " *every* trustee" means *each* trustee by himself, and not all of them collectively.

The next succeeding section of the statute confirms this interpretation. It declares that " it shall be the duty of his successors in office to prosecute without delay, in their name of office, for the recovery of such forfeiture." The person in default is to be sued by *his* successors, and if more than one is in default, *each* must be sued. Here is nothing which indicates that a single penalty is to be imposed upon all the trustees who may be in default, or a joint suit prosecuted, but quite the reverse.

This offence is in its nature several. True, every trustee may incur a penalty under the statute, but not for the *same* offence: the neglect of one is necessarily individual and several, and cannot be the neglect of another. A joint judgment, therefore, cannot be legally rendered under this section.

There are some penal statutes which authorize a joint recovery for the same offence, against several persons. Two or more may be guilty of a joint act, for which a single penalty may be imposed, but they cannot jointly be guilty of an *omission* of duty. The duty of each is a several duty, which he alone can violate; and the neglect of each, in the nature of things, must, in such cases, also be several.

Where a penalty is imposed on an offence which several may and do jointly commit, one recovery only can be had, and a joint action may be sustained. It is but one offence to impound a distress in a wrong place, although several persons may be actors in impounding it. So to kill a hare, is but one act and one offence under the English game law, and that whether killed by one or twenty unqualified persons. In these and similar cases, therefore, the English statutes inflict a single penalty upon all who are parties to the illegal act. (*Rex* v. *Clarke*, *Cowp.* 610.)

So where the words of the statute are in the plural number, and provide that the person or *persons* offending shall forfeit a certain sum, a joint penalty may be recovered. (*Hardyman* v. *Whitaker*, 2 *East*, 572, *note.*)

But neither of these principles touch this case. This offence, in its nature, is several, and the penalty is not imposed on divers persons collectively. The offence is an omission of individual duty: the omission or neglect of one person cannot constitute the offence of another, nor lay the foundation for a joint action against both. (*Esp. on Penal Stat.* 66 *to* 71; 1 *Chit. Pl.* 7*th Amer. ed.* 98; *Barnard* v. *Gostling*, 2 *East*, 569; *S. C. in error*, 1 *New Rep.* 245; *Rex* v. *Atkinson*, 2 *Ld. Raym.* 1248; *Rex* v. *Weston*, 2 *Strange*, 623; *Rex* v. *Bleasdale*, 4 *Durn. & East*, 809; *Patridge* v. *Naylor*, *Cro. Eliz.* 480; *Warren* v. *Doolittle*, 5 *Cowen*, 678.)

Upon this ground the judgment of reversal was correct, and must be affirmed. This renders it unnecessary to pass on other points which are suggested on the part of the defendant in error.

Judgment affirmed.