PALMER *vs.* CONLY AND JOHNSON.

Since the abolition of the remedy of distress for rent, it is not an offence to remove property from demised premises leaving rent unpaid, contrary to 2 *R. S.* 503, § 17. *Semble. Per* JEWETT, J.

But where an offence had been committed under that provision, and the landlord had recovered judgment before a justice for the forfeiture and the defendant had appealed to the common pleas, before the act to abolish distress for rent had

passed; *held* that the enactment of that statute was not a defence to the action on the trial of the appeal.

Where a statute imposes a penalty or forfeiture for an act injurious to the rights ot another, which is given to the party aggrieved, it is in the nature of a satisfaction for the wrong done; and though the words of the statute render *every person* offending liable, only one penalty can be recovered, and all who join in the act may be sued together.

Therefore, where *two* persons were sued for the forfeiture imposed upon every person who should knowingly assist a tenant in removing his goods from demised premises leaving rent unpaid; *held*, that the action was well brought. ;

ERROR to the Madison common pleas. Palmer sued Conly and Johnson before a justice of the peace in debt for a forfeiture alleged to have been incurred by the defendants for a violation of 2 *R. S.* 503, § 17, in knowingly assisting the plaintiff's tenant, Harding, to remove his goods from the demised premises, leaving rent due thereon, for the purpose of avoiding the payment of the rent. It was alleged that the rent in question became due on the 1st of March, 1844, and that the offence was committed within thirty days next before that day. The defendants pleaded *nil debet*, and the trial took place on the 9th day of May, 1845, when the plaintiff recovered judgment for $80 besides costs. The defendants appealed to the common pleas, and the cause was tried in that court on the 15th day of June, 1846. After the plaintiff's counsel had opened the case, the defendants moved for a nonsuit, on the grounds 1. That the legislature having by an act passed May 13, 1846, (*Stat. p.* 369,) which took effect within twenty days thereafter, abolished the remedy of distress for rent, the plaintiff's cause of action was extinguished; and 2. That a joint action for the forfeiture could not be sustained against both defendants. The court granted the motion and nonsuited the plaintiff, who excepted. The plaintiff brought error on a bill of exceptions.

*B. F. Chapman,* for the plaintiff in error.

*J. N. Messenger,* for the defendants in error.

*By the Court,* JEWETT, J. It may be true, that hereafter it will not be an offence against the provision of the statute in

question for the tenant to remove his goods from the demised premises for the purpose of avoiding the payment of rent, or for any person to assist in such removal. The remedy by distress being abolished, the provisions intended to guard and protect that remedy may well be held as to future cases to be abrogated. But at the time this offence was committed, that remedy was in full force. And the instant the thing was done for which the penalty was given, it became a debt or duty vested in the plaintiff. It is in the nature of a satisfaction to him as well as a punishment of the offender. (*The Company of Cutlers in Yorkshire* v. *Ruslin, Skinner's Rep.* 363; *Grosset* v. *Ogilvie,* 5 *Brown's P. C.* 527; *College of Physicians* v. *Harrison,* 9 *Barn. & Cress.* 524.) The plaintiff having acquired a vested right to the penalty, the statute abolishing the right of distress, subsequently passed, which did not in terms repeal the section in question, in no way affects that right.

It is a doctrine founded upon general principles of the law, that no statute shall be construed to have a retrospective operation, without express words to that effect, either by an enumeration of the cases in which the act is to have such retrospective operation, or by words which can have no meaning unless such a construction is adopted. (2 *Dwarr. on Stat.* 677.) A retrospective statute would partake in its character of the mischiefs of an ex post facto law as to all cases of crimes and penalties, and in measures relating to contracts or property would violate every sound principle.(*a*)

In a recent case it was laid down, that when the law is altered by statute pending an action, the law as it existed when the action was commenced must decide the rights of the parties to the suit, unless the legislature express a clear intention to vary the relation of litigant parties to each other. (*Hitchcock* v. *Way,* 6 *Adol. & Ellis,* 943; see also *Paddon* v. *Bartlett,* 3

---

(*a*) See *Dash* v. *Van Kleeck,* (7 *John.* 477,) and the cases cited by Bronson J. in *Sackett* v. *Andross,* (5 *Hill,* 334 *to* 336.)

*id.* 884.) The construction which will repeal a statute by implication is not favored. To have that effect the second statute must be plainly repugnant to the first. (*Foster's case,* 11 *Coke,* 56, 63.) (*b*)

The remaining ground upon which the court below nonsuited the plaintiff was, that the offence charged to have been committed upon which the penalty is claimed, was in its nature several; and that therefore each of the defendants was liable separately and not jointly for a penalty for his separate offence. The offence alleged against the defendants consists in having knowingly assisted the plaintiff's lessee to remove his goods from the premises demised by the plaintiff to him, for the purpose of avoiding the payment of certain rent remaining due upon the demise. It is plain that an action of debt on a penal statute will not lie against several for what in law is a separate offence in each. But when the act which is made an offence is in its nature single, and is one which cannot be severed, then the penalty shall be only single, and although several persons join in committing it, it still continues but one offence. (*Marsh* v. *Shute,* 1 *Denio,* 230; *Ingersoll* v. *Skinner, id.* 540.) This question has sometimes turned upon the nature of the offence, without regard to the terms in which the penalty is imposed in the statute, as in the case of *Rex* v. *Clark,* (*Cowper,* 610.) A better criterion, perhaps, is the apparent intention of the legislature to be collected from the statute, upon

(*b*) If the section of the statute on which this suit was brought had been actually repealed, it would be difficult to sustain the action, though the judgment appealed from was rendered while the provision was in force. The effect of an appeal is to suspend the judgment and to subject the law as well as the fact to review. It destroys the effect of the judgment as *res adjudicata.* (*Yeaton* v. *The United States,* 5 *Cranch,* 281, 283; *The Schooner Rachel* v. *The Same,* 6 *id.* 329; *Lewis* v. *Foster,* 1 *N. Hamp.* 61.) And the general rule certainly is that the repeal of a penal statute prevents the recovery of penalties for acts committed before the repeal, though a suit has been commenced and a verdict obtained. (*United States* v. *Passmore,* 4 *Dall.* 372 *and the cases cited; Butler* v. *Palmer,* 1 *Hill,* 324 *and cases cited by Cowen J.; Commonwealth* v. *Welch,* 2 *Dana,* 330; *Commonwealth* v *Leftwich* 5 *Rand.* 657; *Anon.* 1 *Wash. C. C. R.* 84.)

which the prosecution is founded, which was the principle acted upon in the case of *Partridge* v. *Naylor*, (*Cro. Eliz.* 480.) There the action was upon a penal statute against three, and though the words of the act were: "*Every person* offending, shall, for every such offence, forfeit;" &c. yet the action being given only to the party injured by the offence, it was adjudged that only one penalty was incurred; it being obviously intended by the legislature rather as a satisfaction to the party grieved, than as a punishment of the offenders. And upon this it was that Powell, J. distinguished that case from *The Queen* v. *King*, (1 *Salk.* 182,) which was the case of a conviction for deer stealing, against two; the words of the statute being that the offenders shall "respectively forfeit £30;" and the forfeiture being intended not as a satisfaction, but as a punishment, was awarded against each of the defendants. *Hardyman* v. *Whitaker*, (2 *East*, 573, *n.*) was an action of debt against nine persons, for a breach of the game laws. The statute enacted that "the person or persons convicted" shall forfeit £5. It was adjudged that only one penalty was incurred; because, say the court, "the statute itself has made the offence joint, and made them all subject to but one forfeiture," that "the distinction is, when the offences are [by the terms of the statute] made joint and when not." *Barnard* v. *Gostling*, in error, in the exchequer chamber, (1 *New Rep.* 245,) was an action of debt against two for certain penalties. The words of the statute were, that "if any person shall," &c. "every such person shall, for every such offence forfeit £50." It was adjudged that the penalties were several, because the statute declared "every" offender liable to the penalty, and therefore two defendants could not be joined in the action. *The King* v. *Bleasdale*, (4 *Term Rep.* 809,) was the case of a conviction on the statute, 5 Anne, for using a greyhound to destroy game. The court held that the question depended upon the statute, which enacted that "if any person or persons, shall," &c. "the person or persons so convicted shall forfeit"—and that only one penalty was forfeited.

The rule at common law is universal that every crime, as

Palmer *v.* Conly.

far as respects the guilt and punishment of the parties engaged in the perpetration of it is several; and that if two or more persons concur in the commission of an offence, each offender is liable to a several punishment. This principle extends to statute offences as well as to those which are punishable by the common law; and in general there is no distinction in the application of it between the higher kinds of punishment, and fines or mere pecuniary penalties. There are however some exceptions to this rule arising under penal statutes, but the line of distinction by which such exceptions are limited is sometimes difficult to ascertain. I take it to be clear that when a statute creating an offence shows by its terms an intention in the legislature to inflict but a single penalty, (as where it is given by way of compensation to the individual injured by the offence, or when the language of the act makes it single,) there is a plain positive ground of exception to the general rule. The provision now under consideration was taken from and is substantially like the 14th section of the former statute concerning distresses, rents and the renewal of leases, (1 *R. L.* 437, 8,) and the precise question here arose upon that section in *Warren* v. *Doolittle*, (5 *Cowen*, 678,) and there it was determined by the unanimous opinion of the court for the correction of errors that the offence was single, although several united in its commission, and that only one penalty followed and was imposed on all of the defendants, and not on each and every of them. The common pleas, in my opinion, erred upon both the grounds on which they ordered a nonsuit.

Judgment reversed.