HAMLIN (COBB v.). See Case No. 2.922.

## Case No. 5,995.
### HAMLIN v. PETTIBONE et al.

[6 Biss. 167;[1] 10 N. B. R. 172; 10 Alb. Law J. 141; 20 Int. Rev. Rec. 73; 1 Cent. Law J. 404; 31 Leg. Int. 293.]

Circuit Court, E. D. Wisconsin. July, 1874.

ERROR IN CHARGE—BANKRUPT ACT AMENDMENT OF JUNE 22, 1874—REPEALS BY IMPLICATION, OR BY GENERAL CLAUSE—TIME—VESTED RIGHTS.

1. Where error in a charge relates to a matter which might have been corrected on the

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

spot. if the attention of the court had been called to it, the party failing so to do cannot take advantage of the error on motion for new trial.

2. The amendment of June 22, 1874 [18 Stat. 178] to the bankrupt act does not affect cases commenced before December 1. 1873, nor does the repealing clause affect suits by assignees then pending. The amendments are not inconsistent with the original act, except as to cases commenced since December 1. 1873.

[Cited in Re Perkins, Case No. 10,983; Bradbury v. Galloway, Id. 1,764; Singer v. Sloan, Id. 12,899; Grey v. Thomas, Id. 5,-806.]

3. Repeals by implication or by general clause are never favored, and are never extended beyond their necessary operation.

4. In cases where no other time is mentioned the amendment only applies to cases arising after its passage. Congress did not intend to validate contracts void under the original act, or to affect contracts theretofore made, or the substantial rights of parties acquired under the original law.

[Cited in Brooke v. McCraken, Case No. 1,-932; Van Dyke v. Tinker, Id. 16,849; Re Montgomery, Id. 9,732; Barnewall v. Jones, Id. 1,027; Tinker v. Van Dyke, Id. 14,058.]

5. The substitution of "knowing," for "having good reason to believe" is merely a verbal one. inapplicable to most cases. Notice of facts sufficient to put a person upon inquiry amounts in law to knowledge of the facts which inquiry would have developed.

[Cited in Re Hauck. Case No. 6.219.]

[In bankruptcy. Suit by R. S. Hamlin, assignee, against W. C. Pettibone and others.] Motion for new trial after judgment for plaintiff.

Jackson & Felker, for plaintiff.
Luther S. Dixon, for defendants.

HOPKINS, District Judge. This action was commenced before the passage of the amendments to the bankrupt law, of June 22, 1874, and the proceedings in bankruptcy were instituted long before the 1st day of December. A. D. 1873; and the sale sought to be set aside and avoided by the assignee in this case, as fraudulent, was made long before that time.

The case was tried and submitted to the jury without objection or exception. upon the theory that the recent amendatory act did not apply; at least no pretense of that kind was made on the trial. The jury returned a verdict for the plaintiff for the value of the property claimed; thereby finding that the sale by the bankrupt of the property in question to the defendants, who were his creditors, was fraudulent under the law.

In the charge to the jury no reference to the amended act was made; but they were instructed that the sale would be void, if they found from the evidence the several facts and propositions mentioned in the original act; to which charge no exceptions were taken.

On the second day after the verdict, the defendant's counsel filed a motion for a new trial. alleging that the court had charged erroneously upon the fourth proposition men-

tioned in section 35 [of the Act of 1867 (14 Stat. 534)], that the amended act had changed that section, so that it was now necessary, in order to avoid a sale, that the jury should be instructed that they must find that the party knew that the sale was made in fraud of the provisions of the act, instead of that he must have had "reason to believe so." It was claimed, that as the last section of the amended act repealed all provisions of the old law inconsistent with its provisions, the old law was on that point absolutely repealed, and, it being in its nature penal, it could not be considered as existing for any purpose, and hence no sale could now be avoided unless it fell within the provisions of the amended law, irrespective of the time it was made. If this question had been raised at the trial, or there had been a request to so charge the jury, and I had so charged, the result would not, I think, have been different; for the evidence of the guilty knowledge of the defendants was overwhelming, so that, as far as the result of the case is concerned, it would have been wholly immaterial; and as this was a proposition that might have been changed, if the attention of the court had been called to it at the proper time, and as, in my opinion, it could not have affected the result, it presents a question of a purely technical character. I do not, therefore, feel that it would be right to set aside this verdict for that reason, or to allow that exception to the charge after verdict. When a charge is wrong in principle, and the error is of such a nature as not to have been avoided, if the attention of the court had been called to it at the time, by a proper exception or request, I allow an exception to be filed after verdict; but when it relates to a matter that might have been corrected on the spot without overthrowing the whole theory of the case, I think it due to the court and to the adverse party that the attention of the court should be called to it at the proper time. The rights of the successful party are involved, and the court should not sacrifice them.

This is a sufficient ground for denying the motion, but, as the question is one of great importance and of general interest, I think I may as well state a further reason for the denial, which covers the ground upon which the motion was based.

This was a case of involuntary bankruptcy, and the right of the assignee to recover back property transferred by the bankrupt in payment of his debts, from the creditor so receiving it, is not conferred by the 35th section of the act alone, but such right was given by section 39 also. So it becomes necessary to ascertain the effect of the amendments upon that section as well as upon section 35. Section 12 of the amended act changes section 39 by inserting the word "knew" instead of the words "reasonable cause to believe," in the original section, being thus like the third amendment to sec-

tion 35. But section 39 as amended, provides that its provisions shall apply to cases commenced since December 1, 1873, so that, as to cases like this, commenced before that time, the original act was not changed. The class of cases to which it should apply being designated, it left all others to proceed as if it had not been passed. It, in that respect, was restrictive of its operation, and section 21, the repealing section, does not change or affect the original section as to cases commenced before that time, for that only repeals such acts and parts of acts as are inconsistent with the provisions of the amended act, and as the amended act, or this section of it, by its terms, only applies to cases commenced since December 1, 1873, it is not inconsistent with the original act except as to cases commenced since that time. Cases commenced before that time were excepted from its operation, and are not therefore affected by it, or repealed by the repealing section. As the right to maintain this suit, upon the grounds and provisions contained in the original section 39, remains unchanged and is clear, this motion for a new trial should be denied. The charge of the court being in conformity with that section, there was no error of which defendants can complain. In this view, it might be unnecessary to consider the effect of the amendments to section 35. But as I am satisfied that the construction contended for by defendant's counsel cannot be sustained, I will briefly state my reasons therefor.

Repeals by implication, or by a general clause like the one inserted in the repealing section of this act, which amounts to the same thing, are not favored, and are never extended beyond their necessary operation. Repealing clauses of this kind are limited in terms to such provisions as are inconsistent with the amendatory act, and are never construed to include or alter provisions not embraced in the amendments. The amended act is not inconsistent with any other parts of the original act than such as are affected by its provisions. The repealing clause is coextensive with the amendments and only applies where they do and when they do. Spaulding v. Alford, 1 Pick. 33. So that the effect of such a repealing clause is very different from what an absolute repeal of section 35 would have been. Davies v. Fairbairn, 3 How. [44 U. S.] 636. Now if it should be held that the amendments to section 35 were intended to apply to cases occurring after the passage of the amended act, the repealing clause would only apply to such cases, for only as to those would there be any repugnancy. The original act, as to cases occurring before its passage, would remain unaffected by the repealing clause. Congress fixed the time for certain portions of the act to take effect before the passage (section 12), and for certain others (section 10), after; so, I think, the fair intendment is, that in cases where no other

time was mentioned, they meant that the amendment should only apply to cases arising after its passage. This, under the circumstances, should be so considered as to such portions of it as changes the substantial rights of parties. I do not believe congress intended to change the act, so as to make good, contracts that were void under the original act, or to change those provisions of the statute so as to affect contracts theretofore made. It would require a very clear expression by the legislature to give it such effect, or as being intended to vary the relations of litigant parties. Palmer v. Conly, 4 Denio, 374; Paddon v. Bartlett, 3 Adol. & E. 884; College of Physicians v. Harrison, 9 Barn. & C. 524. If they had so intended I think they would have expressed it in unequivocal language, as they did in the amendment of section 39.

There are many provisions of the act of a practical character that may properly be applied in further proceedings in all cases, such as those relating simply to the administration of the law, and as do not affect existing rights or the validity of contracts. Such provisions are of a remedial character, and may be presumed to have been intended to be applied to all cases. But such parts as relate to the substantial rights of parties, acquired under the original law, like the amendments to section 35, I think it must be held that congress did not intend to apply to cases occurring before the adoption of the amendments.

The question was suggested as to what extent this amendment had changed the original act in the respect heretofore noticed, and I must confess it is not without its difficulties. But it seems to me that in almost every case where the jury would be warranted in finding that the party "had good reason to believe," under the old statute, they would be justified in finding that he "knew," under the amended law, so that practically the amendment is merely a verbal one in that respect. It is a rule of universal application, in all cases of fraud on the part of the debtor, or seller of property, that notice of facts sufficient to put a party upon inquiry, amounts in judgment of law to notice, and is sufficient to charge the purchaser with knowledge of the matters and things it is reasonable to suppose such inquiry or investigation would have developed. Inquiry on the part of the purchaser having such notice, becomes a duty, and diligence an act of justice. A scienter may be shown by circumstances, and whatever fairly puts a party upon inquiry, when the means of knowledge are supposed to be at hand; if he omits to inquire, he does so at his peril, and he is chargeable with a knowledge of all the facts which, by a proper inquiry, he might have ascertained. 4 Kent, Comm. 179; May v. Chapman, 16 Mees. & W. 355; Goodman v. Simonds. 20 How. [61 U. S.] 343; The Lulu, 10 Wall. [77 U. S.] 192; Hill v. Simpson, 7

Ves. 152; Smith v. Low. 1 Atk. 489; Booth v. Barnum, 9 Conn. 287; Pitney v. Leonard, 1 Paige, 461; Carr v. Hilton [Case No. 2,437]; Hawley v. Cramer, 4 Cowen, 717; Scammon v. Cole [Case No. 12,432]. In some of these cases "notice" is used instead of "knowledge," but, as is said in Goodman v. Simonds, supra, it is usually in the same sense, and that is one of its appropriate significations. So, if, within the meaning of the provisions of the original section, a party had reasonable cause to believe, that, under the foregoing rule, would be sufficient to put him upon inquiry, and if reasonable inquiry would show that the sale was, in fact, a fraud upon the act, he would be chargeable with knowledge of that fact. Unless this well-settled rule is ignored there is no escape from this conclusion. The motion for a new trial is denied.

NOTE. The clause in section 5021 amending section 39 of the bankrupt law, by inserting the word "knew" instead of the words "had reasonable cause to believe," is not to be applied to proceedings in bankruptcy commenced before the 1st of December, 1873. Tinker v. Van Dyke [Case No. 14,058].