ANN WILLIAMS, APPELLANT, v. THE CITY OF OSWEGO, RESPONDENT.

*Statute requiring notice of claim against a city to be filed — to be construed prospectively.*

The provisions of chapter 127 of 1877, requiring that "all claims against the city for damage or injury alleged to have arisen from the defective, unsafe, dangerous or obstructed condition of any street, crosswalk, etc., shall within three months after the happening of such damage or injury, be presented to the common council," or the action therefor shall be barred, is to be construed prospectively, and is not applicable to a case where the injury was sustained before, although less than three months prior to the passage of the law.

APPEAL by plaintiff from a judgment, entered upon the report of a referee, who found that she sustained $300 damages by slipping and falling upon the defendant's sidewalk, negligently left in an unsafe and insecure condition, but gave judgment in favor of defendant because notice of the claim was not filed within three months. The referee says : "As conclusions of law I find that the defendant became liable to pay to the plaintiff the sum of $300 for the damage sustained by her by reason of the said pain and suffering and personal injuries. * * * That the failure of the plaintiff to present to the common council of said city, her said claim in writing properly verified, describing the time, place, cause and extent of her damages or injury, within three months from the happening of said damage or injury, is a bar to this action, and the defendant is entitled to a dismissal of the complaint herein upon the merits, and I therefore order that judgment."

*D. P. Lester*, for the appellant.

*S. M. Coon*, for the respondent.

HARDIN, J. :

February 6, 1877, the injuries were received, and September 7, 1877, this action was commenced to recover therefor. April 14, 1877, the legislature amended and added to the charter of the defendant, as will appear by chapter 127 of the Laws of 1877 (p. 132). The defense which the referee has sustained is predicated

upon section 15 of that act. It first provides that the city of Oswego "shall not be liable for the damage or injury sustained by any person in consequence of any sidewalk or crosswalk in said city being out of repair, unsafe, dangerous or obstructed by snow, ice or *otherwise, unless actual notice* of the defective, unsafe or obstructed condition of said sidewalk or crosswalk, shall have been given to the common council * * * at least *forty-eight hours* previous *to such damage or injury.*" And then follows, secondly, the words upon which the referee has put his decision of this case. These are the words :

" All claims against the city for damage or injury *alleged* to have arisen from the defective, unsafe, dangerous or obstructed condition of any street, crosswalk, sidewalk, culvert or bridge of the city, or from negligence of the city authorities in respect to any such street, crosswalk, sidewalk, culvert or bridge, *shall within three months* after the happening of such damage or injury, be presented to the common council by a writing signed by the claimant and properly verified, describing the time, place, cause and extent of the damage or injury. " The omission to present such claim as aforesaid *within said* three months, shall be a bar to *any* action or proceeding therefor against the city."

These provisions were wholly new, and designed to work a radical change, in respect to enforcement of liabilities of the city. The one requiring actual notice to the common council, etc., forty-eight hours previous to such injury, must tend to greatly diminish, if not practically prevent the opportunity to persons receiving injuries to recover from the city.

The provision as to claims being presented within three months to the common council is also new, and seems to attach an absolute requirement upon the claimant, as an indispensable condition precedent to the right to recover for injuries sustained. The omission to present " such claim " within *said three months* shall be a bar to any action, etc.

Taking the whole language together, did the legislature intend that the latter provision should attach to and apply to claims or causes of action which had accrued prior to the passage of the act ? The three months referred to seem to be those next after the happening of the injuries. That being so, it is important to notice

that it is the omission to present within the said three months that is declared a bar to any action.

This view of the words helps to the construction which applies the whole section prospectively rather than retrospectively. Our views in respect to the general rule, which adopts the latter construction, when it will answer the exact letter and fair intent of the legislature, were expressed last term in *Matilda Carpenter* v. *Anthony Shimer* (24 Hun, 464), and we think a fair application of the rule there stated to this statute sanctions a construction which applies the statute exclusively to cases or injuries arising after its passage.

If there was a clear intent in terms expressed to apply the statute to injuries already incurred a different question would arise, but we think all of the language can receive full sense and meaning by applying it to cases arising after its passage.

There is no declaration that the statute shall be construed to apply to injuries already sustained. (*Berley* v. *Rampacher*, 5 Duer, 188.) The current of authority seems to lead in favor of the construction we have stated. (*McCahill* v. *Hamilton*, 20 Hun, 388; *Dash* v. *Van Kleeck*, 7 John, 477; *Palmer* v. *Conly*, 4 Denio, 374; *Butler* v. *Palmer*, 1 Hill, 325; *Benton* v. *Wickwire*, 54 N. Y., 226; *Ely* v. *Holton*, 15 id., 597; *Moore* v. *Mausert*, 49 id., 333; *New York and Oswego M. R. R. Co.* v. *Van Horn*, 57 id., 476; *Matter of Peugnet*, 67 id., 444.) *Dubois* v. *The City of Kingston*, (20 Hun, 464), was disregarded in *Carpenter* v. *Shimer* (*supra*). (*People* v. *Supervisors*, 10 Wend., 363, and *Hackley* v. *Sprague*, Id., 113; *Fairbanks* v. *Wood*, 17 id., 330.)

The case of *Acker* v. *Acker* (81 N. Y., 143) is not in conflict with the view stated. There the repeal of the act in respect to the disability of a married woman necessarily reached cases where the statute would have applied but for its repeal.

FOLGER, Ch. J., says: " By the express terms of the act (see § 15), section five of it applies to actions then pending, or such as might thereafter be brought, and hence it must apply to all rights of action *whether* then accrued or thereafter to accrue."

The cause of action was perfect in the plaintiff, February 6, 1877; and the statute of April 14, 1877, does not in terms nor by its fair construction apply. If it were applied literally, the plaintiff would

have had only fifty-three days in which to present a claim to the common council, as the statute provides that the claim to be presented must be within "said three months" after the happening of such damage.

We conclude that it was not the intent of the legislature that it should be applicable to causes of action perfect at the time of its passage. It was prospective and not to apply to cases where the right of recovery was perfect on the day of its passage. (*Johnson v. Burrell*, 2 Hill, 238.) The action was not barred. The referee was in error in so holding. As the question here presented cannot be changed by a new trial, we deem it proper to order judgment for the plaintiff for the damages found by the referee.

Judgment should be reversed, and judgment ordered for the plaintiff for the amount of the damages found by the referee and interest.

TALCOTT, P. J., and SMITH, J., concurred.

So ordered.