# NEWPORT COUNTY.

DAVID M. COGGESHALL, City Treasurer of the City of Newport, *vs.* JAMES GROVES *et als.*

A license for a year to sell liquors was given to G., and as a condition of the license G. filed the statutory bond. During the year a constitutional amendment took effect prohibiting the sale of liquors. After the amendment took effect an action was brought on G.'s bond for violation of its conditions.

*Held,* that the action could be maintained.

Rights of action resting solely on a statute fall with the repeal of the statute, but rights of action which may subsist independent of the statute continue after the repeal. In the case at bar the action on the bond is a common law action; the statute is only referred to in ascertaining whether its provisions were violated and the conditions of the bond were broken.

DEBT. On defendant's motion in arrest of judgment.

*Providence, November 5,* 1887. STINESS, J. This suit is brought upon a bond which was given pursuant to the provisions of Pub. Stat. R. I. cap. 87, upon an application for a license to sell intoxicating liquor. Under the statute the license could not issue until the bond was given, with condition not to violate any of the provisions of the law. The license was granted for the year from July, 1882, to July, 1883, and the breach of the condi-

tion is alleged, and has been found by the jury, to have been in August, 1882.

May 15, 1886, an amendment to the constitution of the State went into effect, prohibiting the sale of intoxicating liquors to be used as a beverage. On the first of July following, this action was commenced, and after a verdict for the plaintiff the defendants moved in arrest of judgment, upon the ground that the amendment to the constitution repealed unconditionally the license law then in force, and such repeal took away the right to recover upon the bond which was given pursuant to its requirements.

They claim that the purpose of the bond was to create a penalty for a violation of the act, additional to other penalties therein prescribed, and that the act and the penalties were wiped out together by the amendment to the constitution.

The amendment undoubtedly repealed any provision of law which was inconsistent with it, for such law thereupon became unconstitutional. The amendment, however, relates only to the sale of liquor. It does not directly annul any right of action or right to prosecute an action. But the defendants argue that it does this indirectly, because cap. 87 constituted a license system of which the provision relating to bonds was a part, and that the chapter and system in every part became unconstitutional, and therefore repealed, upon the adoption of the amendment. We do not need to decide, in this case, whether this is so or not, for, assuming that the chapter was thus repealed, as claimed by the defendants, we still think the present action can be maintained.

It is beyond question that, when a statute is repealed without a saving clause, all authority to proceed solely under that statute is gone, for it is no longer in existence. Hence, if one has been convicted under it, he cannot be sentenced or subjected to a penalty for the violation of the act; and if an action dependent upon the act has been commenced, it cannot be further prosecuted; for when the statute is taken away, all proceedings which depend upon it must fall. So, too, if a right of action is given by a statute, it is also taken away with the statute and cannot be carried to judgment. This result necessarily follows from the dependence of the proceedings upon the statute. The case of *Dillon* v. *Linder*, 36 Wisc. 344, is an illustration of this rule. A suit was brought to

recover damages under what is known as the civil damage section of a liquor law. The repeal of the law took away the right of action. As the right to recover no longer existed, there could be no judgment, just as in a criminal case there could have been no sentence. The case of *Rood* v. *Chicago, Milwaukee & St. Paul R. R. Co.* 43 Wisc. 146, is to the same effect. But when the cause of action is one that may subsist and be prosecuted independently of a statute, the repeal neither takes away the right of action nor the right to proceed. The rule in both cases is clearly stated in *Graham* v. *Chicago, Milwaukee & St. Paul R. R. Co.* 53 Wisc. 473, 484 : " Those rights of action which are expressly given by the statute, and do not exist outside of the statute, are necessarily destroyed by its repeal ; but rights of property or causes of action which accrue to a party, and which indirectly depend upon the statute, are not necessarily destroyed by its repeal." Accordingly, where a statute made it unlawful to charge a greater sum for transporting freight than that prescribed in the act, and an action had been brought to recover back an excess that had been paid under protest, it was held that the subsequent repeal of the statute did not take away the plaintiff's right to recover, because he had the right under a common law action, and the only necessary reference to the statute was to ascertain what was unlawful at the time. In *Butler* v. *Palmer*, 1 Hill N. Y. 324, a right to redeem under a mortgage given by statute was held to fall with the repeal of the statute, but Judge Cowan, in the opinion, recognized a distinction between inchoate rights arising under a statute which is destroyed and rights which may stand independently of the statute.

*Gray* v. *Mobile Trade Co.* 55 Ala. 387, was an action to recover damages which resulted to the plaintiff from the failure of the defendant to conform to the requirements of an Act of Congress which was subsequently repealed. The court decided that the suit could be maintained, upon the ground that it was not a penal action nor a suit in the nature of a penal action under the statute, but a suit which stood upon a common law right of recovery. See, also, *Conley* v. *Palmer*, 2 N. Y. 182 ; *Palmer* v. *Conly*, 4 Denio, 374.

The doctrine of these cases seems to be decisive of this case.

This is a suit upon a bond.   The cause of action does not depend upon the statute, although it grew out of it.   The suit is maintainable as a common law suit.   Jurisdiction of the form or cause of action was not given by the statute.   It is not a suit for a penalty imposed by the statute.   The bond was rather a security to the municipal corporation about to grant a license that the licensee would not be an offender against the law.   The only necessary reference to the statute is to ascertain whether the obligation still subsists by reason of a breach of its conditions, which happens to involve the question whether the statute was violated.   If the principal violated the law, and thus broke the condition, the bond thereby became due.   It was recoverable in an action of debt, which was not taken away by a repeal of the statute, and which can now be prosecuted.

The amendment directed the General Assembly to provide by law for carrying it into effect.   At the May session, 1886, a law was passed repealing chapter 87, but saving all penalties and forfeitures which had accrued under it.   Upon the view which we have taken of the case it is not necessary to pass upon this phase of the right to maintain the action.

The motion in arrest of judgment must be denied.

*Motion dismissed.   Judgment for plaintiff on the verdict.*

*Francis B. Peckham*, for plaintiff.

*Charles E. Gorman & Patrick J. Galvin*, for defendant.