(81 App. Div. 543.)

## SEHL v. CITY OF SYRACUSE.

(Supreme Court, Appellate Division, Fourth Department. March 10, 1903.)

1. CITIES—ACTION FOR INJURIES—NOTICE—RETROACTIVE STATUTE.

The provision of Laws 1898, p. 438, c. 182, § 461, as amended by Laws 1899, p. 1290, c. 581, § 37, that omission of a person claiming damages for injury to file the claim within three months shall be a bar to an action therefor against the city, will not be construed to apply to the claim of a person injured four days before the statute went into effect, though after its passage, when the claim might be filed within six months; the words preceding, that the city shall not be liable for injuries sustained in the absence of actual notice, being applicable only to cases thereafter arising, and the saving clause (Laws 1898, p. 442, c. 182, § 482) expressly excluding from the operation of the act any right already existing or accrued.

Spring and Hiscock, JJ., dissenting.

Appeal from Special Term, Onondaga County.

Action by Margaret Sehl against the city of Syracuse. From a judgment dismissing the complaint on the opening, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, HISCOCK, and NASH, JJ.

John H. McCrahon, for appellant.
Alexander H. Cowie, for respondent.

NASH, J. The plaintiff's complaint herein was dismissed at the trial upon the facts stated by her counsel in his opening to the jury. Thereupon an offer was made to prove certain additional facts, which was refused by the court; but, for the purposes of this appeal, it must be assumed that those facts could have been proven, had the opportunity to do so been granted. Higgins v. Eagleton, 155 N.

Y. 466, 50 N. E. 287; Place v. N. Y. C. & H. R. R. Co., 167 N. Y. 345–347, 60 N. E. 632. And this assumption brings up for our review the following case, viz.: On the 27th day of December, 1899, the plaintiff received serious personal injuries by reason of falling upon an icy sidewalk on Dewitt street, in the city of Syracuse, which icy and unsafe condition the defendant had negligently permitted to exist. At the time of receiving such injuries the charter of the city (Laws 1885, p. 73, c. 26, § 250), as amended by Laws 1888, p. 741, c. 449, § 22, provided that no liability therefor should attach to the municipality "unless written notice specifying the time, place and cause of such injury or damage shall be served upon the mayor or city clerk within six months of the time the injury or damage was received, nor unless an action shall be commenced within one year after the service of such notice." But on the 1st of January, 1900, four days after the accident, the new charter for the government of cities of the second class (to which the city of Syracuse belongs) went into effect, and by its terms it was provided that the omission of a party claiming damages for injury to person or property to present such claim in writing to the common council "within three months, or to commence an action therefor within one year, shall be a bar to any claim or action therefor against the city." Laws 1898, p. 438, c. 182, § 461, as amended by Laws 1899, p. 1290, c. 581, § 37. The plaintiff, in compliance with the requirements of the charter in existence at the time of the accident, filed the notice therein specified on the 27th day of June, 1900, nearly six months after the new charter went into operation, and brought her action on the 1st day of October following. The single question, therefore, with which we have to deal, is whether or not the plaintiff has lost her right to maintain this action by reason of her omission to file her claim within the time specified in the new charter.

Judge Earl states the rule for the construction of statutes as follows:

"It is always to be presumed that a law was intended, as is its legitimate office, to furnish a rule of future action, to be applied to cases arising subsequent to its enactment. A law is never to have retroactive force unless its express letter or clearly manifested intention requires that it should have such effect. If all its language can be satisfied by giving it prospective operation, it should have such operation only." New York & Oswego M. R. Co. v. Van Horn, 57 N. Y. 473–478.

And in the same case, quoting Jewett, J., in Palmer v. Conly, 4 Denio, 376:

"It is a doctrine founded upon general principles of the law that no statute shall be construed to have a retrospective operation without express words to that effect, either by an enumeration of the cases in which the act is to have such retrospective operation, or by words which can have no meaning unless such a construction is adopted."

Also Duer, J., in Berley v. Rampacher, 5 Duer, 188, says:

"Although the words of the statute are so general and broad as in their literal extent to comprehend existing cases, they must yet be construed as applicable only to such as may thereafter arise, unless the intention to embrace all is clearly and unequivocally expressed."

Applying the rule thus stated to the language of section 461 of the act for the government of cities of the second class, it cannot be held that the Legislature intended that the provision of the section should

have a retroactive force or apply to existing cases. There are no express words to that effect, and therefore, as stated by Duer, J., even though the words of the statute are so general and broad as in their literal extent to comprehend existing cases, they must be construed as applicable only to such as may thereafter arise. Moreover, it is plainly to be inferred from the context that the section is intended to operate prospectively only. The opening sentence of the section, prescribing that the city shall not be liable for injuries sustained, in the absence of actual notice, unless the defective and dangerous condition of the street or walk shall have existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence, is applicable only to cases which should thereafter arise. The second sentence following comprehends the preceding matter, and must be regarded as having reference to it. To give to the general words, which have direct reference to the matter preceding them, a more comprehensive meaning, would be interpolating a sense beyond their grammatical construction. The saving clause of the statute is also of importance in this connection. Any right already existing or accrued is thereby expressly excluded from the operation of the act. Section 482, c. 182, p. 442, Laws 1898. A right existing or accrued includes both an injury received, and a claim therefor, upon which a right of action has accrued, by giving the requisite notice under the former or existing statute. The existing right, in the sense there used, is the injury—the cause of action—as distinguished from the notice required to be given, which pertains to the remedy, and is the sense in which the word "right" is used by Judge Gray in Missano v. Mayor, 160 N. Y. 133, 54 N. E. 744, in that part of his opinion which expressed the views of the court. It is the only sense in which the word as used in the statute can have any application, for, if the right to maintain the action has accrued by giving the requisite notice under the prior statute, a saving clause was not necessary. Again, the statute itself, if intended to be applicable to existing rights, should have made provision for their enforcement. As stated by Judge Gray in Gilbert v. Ackerman, 159 N. Y. 124, 53 N. E. 754, 45 L. R. A. 118, "It should not be left to supposition and inference from the circumstances." If an injury occurred on the last day before the statute took effect, the injured person would have had the full period in which to give the six-months notice; and, going back, the time to give the requisite notice would be lessened until the existing right would be entirely lost. A statute having that effect was held in Gilbert v. Ackerman to be an invalid exercise of legislative power.

The power of the Legislature to make the statute relating to the remedy operate retroactively within reasonable limits is not questioned, but it must expressly so enact. The judgment should be reversed and a new trial granted.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event, on questions of law only; the facts having been examined, and no error found therein.

ADAMS, P. J., and McLENNAN, J., concur. SPRING and HISCOCK, JJ., dissent.

HISCOCK, J. (dissenting).   As stated in the prevailing opinion, it must be assumed upon this appeal that upon the 27th day of December, 1899, plaintiff received personal injuries by reason of the negligence of the defendant in allowing a sidewalk to be in an icy and unsafe condition.   The only question presented is whether chapter 581 of the Laws of 1899, which took effect January 1, 1900, applied to plaintiff's case, and reduced from six months to three months the period within which she was compelled to serve notice of her claim upon the city authorities in order to maintain this action.   If it did, the action is barred through her failure to comply therewith.   It will be noted that the law was passed before plaintiff's cause of action arose, that it took effect four days thereafter, and that consequently plaintiff, with the exception of those few days, had the full period of three months within which to file her notice, which a person would have upon a cause of action accruing after the act took effect.   I am unable to agree with the reasoning which leads the majority of the court to conclude that said law did not apply to this case.

I do not understand that there is any serious dispute that the law in question relates to the procedure by which plaintiff may secure a remedy upon her cause of action, as distinguished from relating to or affecting the cause of action itself.   If there is anywhere any doubt upon this proposition, I think it must be effectually dissipated in the light of the following cases:   Missano v. Mayor, 160 N. Y. 123, 133, 54 N. E. 744; Sheehy v. City of New York, 160 N. Y. 139, 143, 54 N. E. 749.   The precise issue, therefore, is whether a statute passed before a cause of action accrues, but taking effect almost immediately thereafter, applies to the procedure to enforce such cause of action instituted after the statute took effect.   In considering the act, we are to bear in mind that the whole matter of the maintenance of this class of actions is within the control of the Legislature; that it can refuse a right of action against municipalities for such injuries, and it can impose any conditions precedent to the maintenance of such action.   These actions against cities are numerous, and the Legislature seems to have been solicitous to protect them, so far as possible, against unjust or excessive claims.   Curry v. City of Buffalo, 135 N. Y. 366, 370, 32 N. E. 80.   As was held by this court in De Vore v. City of Auburn, 64 App. Div. 84, 86, 71 N. Y. Supp. 747, 749, with reference to a statute requiring that notice of a claim be filed with the city clerk:

"No reason is apparent why a forced or strained construction should be placed upon the language of the statute for the purpose of relieving a litigant from the necessity of complying with the plain terms thereof."

It is true that the statute under review is not by express terms made applicable to notices of claim accruing before it went into effect. Neither does it by its terms exempt such claims from its operation, unless by virtue of various saving clauses hereafter to be considered. We are therefore relegated to the general rules which govern the interpretation and application of such a statute.   I think that those rules make it applicable at least to proceedings instituted after the statute goes into effect, even though upon claims accruing prior thereto.

Southwick v. Southwick, 49 N. Y. 510; Acker v. Acker et al., 81 N. Y., 143, 148; Matter of Davis' Estate, 149 N. Y. 539, 545, 44 N. E. 185; Lazarus et al. v. M. E. R. Co., 145 N. Y. 581, 585, 40 N. E. 240; Conyngham et al. v. Duffy, 125 N. Y. 200, 26 N. E. 142; People ex rel. Collins v. Spicer, 99 N. Y. 225, 233, 1 N. E. 680, 684.

In the last case it is said:

"The general rule which, in the absence of express language authorizing retroaction, requires a statute to be so construed as to have a prospective effect only, is not, except as to a certain class of statutes, an inflexible one. It is said in 1 Kent's Commentaries, 455, that 'this doctrine is not understood to apply to remedial statutes, which may be of a retrospective nature, provided they do not impair contracts or disturb absolute vested rights, and only go to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing claims.'"

In Conyngham et al. v. Duffy, supra, it was held that the provisions of the Code of Civil Procedure which changed from 20 years to 10 years the time within which proceedings supplementary to execution might be instituted applied to proceedings instituted upon a judgment obtained and execution issued while the provisions of the Code of Procedure were in force, which allowed 20 years.

In Lazarus v. M. E. R. Co., supra, after the submission of a case to a referee, and after the presentation of proposed findings, and before the decision by the referee, the provision of the Code was repealed which rquired the referee to pass upon the proposed findings. It was held that the law applied to proceedings which not only related to a cause of action accruing before the change took effect, but which were themselves instituted prior thereto. The court say the act was not retrospective as to the defendants—

"If by the general rule of law the procedure in the action is governed by the law regulating it at the time any question of procedure arises. It is well settled that the Legislature may change the practice of the court, and that the change will affect pending actions, in the absence of words of exclusion. * * * It would be a very inconvenient rule, tending to great confusion, if a rule of practice existing when an action is commenced attaches itself to the substance of the right in litigation, so that it could not be changed, or that a law changing procedure should be held inapplicable to subsequent proceedings in pending actions unless in terms made applicable thereto. It is the right of a party to have his case heard and decided in the orderly course of legal procedure, but he has no right to demand that the procedure prescribed when the action was commenced should remain unchanged. He prosecutes his action subject to the power of the Legislature, in matters of practice, to abrogate rules existing when his action was brought, or make additional rules, and all subsequent proceedings will be governed thereby."

The Matter of Davis' Estate, supra, was a proceeding to ascertain and enforce an inheritance tax. The person whose estate was involved died January 16, 1887. The method of procedure for the enforcement of the transfer or inheritance tax law was somewhat changed by the laws of 1887 (Laws 1887, p. 921, c. 713) and those of 1892 (Laws 1892, p. 814, c. 399). The court held that the proceedings were to be governed by the laws in force at the time when they were instituted, rather than by those in force at the time when the tax accrued, saying:

"The procedure is controlled by the statute as it existed at the time this proceeding was instituted. It is a general rule that, in the absence of words of exclusion, a statute which relates to the form of procedure or the mode

of attaining or defending rights is applicable to proceedings pending or sub-
sequently commenced."

In Acker v. Acker et al., supra, it was said:

"A statute of limitations, inasmuch as it takes away the remedy only, and
does not impair the obligation, affects the remedy on contracts made before
as well as those made after the passage of it, unless it contained some pro-
vision saving prior contracts from the operation of it."

• In Southwick v. Southwick, supra, it was said:

"It cannot be successfully contended, as a general rule, that an act which
applies only to the forms of procedure, and modes of obtaining or defending
rights, cannot be availed of in an action pending when it took effect."

It does not seem to me that the authorities cited in the prevailing
opinion to sustain the proposition that the statute in question did not
apply to proceedings instituted for the enforcement of the claim after
it took effect are pertinent.   In the case of N. Y. & O. M. R. Co. v.
Van Horn, 57 N. Y. 473, 478, it was contended that the statute had the
effect to make a contract executed before its passage valid, when with-
out the statute it was concededly invalid, and the court very properly
and necessarily laid down the rule covering such a case.   The statute
there under review directly related to and affected a cause of action,
not any remedy or course of procedure for its enforcement, and it
was clear that the construction claimed by one of the parties would
make the statute unconstitutional.   The same general observations
may be made in reference to the case of Palmer v. Conly, 4 Denio, 374,
and from the opinion of Judge Jewett, in which case a citation is
made in the prevailing opinion here.

It must be always kept in mind that the statute under review relates
to a step towards the enforcement of a cause of action taken after the
statute went into effect, and therefore it can scarcely be said to be at
all retroactive.   It was, rather, prospective, in providing the rules
which should govern proceedings after its enactment.

It is further suggested, in substance, that while this act took effect
only four days after the cause of action accrued, and therefore did
not materially reduce the full time which a party might have for serv-
ing notice, still a case might be assumed where the cause of action ac-
crued so long before the act took effect that if the latter were applied
it would practically leave no time in which to serve notice, and "the
existing right would be entirely lost."   It would perhaps be a sufficient
answer to say that that contingency is not presented in this case, but
a further and broader reply is found in the rule that a statute of this
kind must be reasonable in its provisions, and that the courts will not
so apply it as to cheat or deprive a party of his right of action.   Laza-
rus v. M. E. R. Co., 145 N. Y. 585, 40 N. E. 240; People v. Tweed,
5 Hun, 382; Walden v. City of Jamestown (Sup.) 80 N. Y. Supp. 65.

I next pass to a consideration of the special reasons assigned why
this statute should not be applied to plaintiff's notice:

It is first urged, that:

"It is plainly to be inferred from the context that the section [section 461,
c. 182, Laws 1898, as amended by section 37, c. 581, Laws 1899] is intended
to operate prospectively only. The opening sentence of the section, prescrib-
ing that the city shall not be liable for injuries sustained, in the absence of

actual notice, * * * is applicable only to cases which should thereafter arise. The succeeding clause, immediately following, comprehends the preceding matter, and must be regarded as having reference to it."

Again, I think recognition fails of the fact that defendant here seeks to have the statute applied to a mere step in a proceeding to enforce a claim to be taken after the statute went into effect, and that this contention scarcely calls for a retroactive application of the law. Upon the other hand, the preceding sentences to which reference is made plainly and distinctly relate to a claim or cause of action itself, rather than to a proceeding to enforce it. Those preceding sentences, so far as they create any new conditions, absolutely destroy any liability or cause of action, in the absence of notice to the city of an alleged defect which might be the basis of a cause of action. They create new essential elements to any liability upon the part of the city, and abrogate causes of action which theretofore might have existed. Naturally, within authorities already cited, and rules well established, such provisions of the statute would neither be held nor be allowed to apply retroactively and destroy vested rights and causes of action. I am unable to discern between the subject of these sentences and of the succeeding ones especially under consideration any such relation as affords an argument for plaintiff's contention in this case.

It is next said that:

"The saving clause of the statute is also of importance in this connection. Any right already existing or accrued is thereby expressly excluded from the operation of the act. Section 482 [c. 182, Laws 1898]. The right existing or accrued here mentioned includes both an injury and a claim therefor upon which a right of action had accrued, by giving the requisite notice under the former or existing statute."

Said statute reads:

"All statutes of the state and ordinances of the city so far as inconsistent with the provisions of this act are hereby repealed, but such repeal shall not affect any right already existing or accrued, or any liability incurred by reason of any violation of any law heretofore existing, or any suit or proceeding already instituted, or action had under the laws or ordinances, unless otherwise expressly provided by this act."

No right of plaintiff, existing or accrued, was affected by this legislation. The only right which she had when it was adopted was her cause of action against the city for its negligence. She had no vested right to any specified course of procedure for the enforcement of that liability. The service of the notice of claim was one of the steps in that course of procedure, and the Legislature had a perfect right to adopt new regulations with reference to that step and notice, so long as it did not, under the guise thereof, deprive her of her cause of action.

In the Lazarus Case already cited, at page 584, 145 N. Y., 40 N. E. 240, attention was called to a statutory saving clause in language quite similar to the one here relied upon. It was there urged, as here, that such saving clause prevented, in an action then pending, the application of the statutory provision which deprived a party of the right to have a referee pass upon his requests to find; but the court, in delivering its opinion upon this point, at page 586, 145 N. Y., and page 242, 40 N. E., say:

"The only right which accrued to the defendants upon the submission of the proposed findings was the right to demand from the referee an observance of the provisions of section 1023 [Code Civ. Proc.]. But it was a conditional right only, and the abrogation of the duty to pass upon the findings consequent upon a repeal of the section was not in any proper sense an impairment of any act theretofore done by the defendants, or any right accrued to them. * * * The defendants could no longer require the performance of the duty in their behalf, because the Legislature had changed the procedure and abrogated the duty."

It has been suggested, perhaps, rather than seriously argued, that the saving clause in section 461 prevents the application of that section to this case. That clause reads:

"Nothing in this section contained shall be held to repeal or qualify any existing requirement or statute of limitation which is applicable to this class of actions, but on the contrary shall be held to be an additional requirement to the right to maintain such action."

The class of actions referred to includes the one at bar.

It will be noted that the said "saving clause" does not make any distinction in its application as between causes of action arising before and after its enactment. Its reference is to provisions of law then existing, and applicable to a certain class of actions, and which provisions, of course, would cover causes of action thereafter accruing. Therefore, if the construction is correct, that this "saving clause" prevents the new requirement for service of a notice of claim within three months from modifying the old provision allowing six months, the effect of such clause is not confined to causes of action theretofore having arisen, but it likewise prevents such modification from taking effect as to causes of action thereafter accruing. The result of this would be that the Legislature, having adopted a provision specifically and explicitly requiring service of notice within three months, would be held to have absolutely annulled such provision by thereafter providing in the same section that such new provision should not qualify or modify the old provision, which allowed six months for service of notice. It seems to me very clear that the Legislature intended to reduce the time of service of notice of claim from six to three months, and that we should not thwart its purpose by such a construction unless compelled so to do. I do not think that we are so driven. It would seem to be a more reasonable construction to hold that this clause was inserted in a spirit of abundant precaution, to prevent the new statute from working, through implication or general construction, a repeal or modification of some statute or requirement then existing for the benefit of the city, outside of those expressly covered by and treated in the sections then adopted, and which it was not intended to disturb. On a line with this idea, we find the further saving clause that nothing contained in said section should be held to modify any existing rule of law relative to the question of contributory negligence, etc. The authors of the new charter were apparently apprehensive that, in framing provisions covering certain subjects, they might be held to have intended to repeal or revise other legislation then existing for the benefit of the city, and for which, in fact, no substitute was provided. Hence the provision referred to, and also the other one, that anything contained in the section

then being adopted, so far from annulling any existing requirement, should be deemed to be an addition to it. The provision that notices of claims such as these should be served within three months might, perhaps, be fairly said to be a requirement for the protection of the city additional to the former allowance of six months in which to perform such acts. As suggested, such an interpretation as this of the clause under consideration seems to be more reasonable than to hold that the Legislature, having by express enactment substituted for a period of six months one of three months, then in the same section proceeded to render their act entirely nugatory.

Some further reasons are urged by the learned counsel for the appellant why the judgment should be reversed, which, however, do not seem to me to require extended or serious consideration.

In the opening upon which plaintiff's complaint was dismissed, her counsel said:

"There is one more suggestion which I want in the minutes, and that is this: That the plaintiff proceeded to bring her action against the city as soon as she was able to get out and look after her matters."

No fault is found with the date at which plaintiff commenced her action, and the statement in question comes very far, even if in language at all applicable, from outlining a sufficient excuse for not serving the preliminary notice within a space of three months. Barry v. Village of Port Jarvis, 64 App. Div. 268, 72 N. Y. Supp. 104; Green v. Village of Port Jarvis, 55 App. Div. 58, 66 N. Y. Supp. 1042.

It is finally urged that, "in order to raise the question [of the notice], the defendant should have pleaded the statute in its answer; it being a matter of affirmative defense." The section requiring the giving and serving of notice in question provides:

"Nothing contained in this section shall be held to repeal or modify any existing requirement or statute of limitation which is applicable to this class of actions, but on the contrary shall be held to be an additional requirement to the right to maintain such action."

I think that this provision specifying this notice as an additional requirement to bringing an action made it one of the conditions precedent, and imposed upon plaintiff the burden of both alleging and proving her case in this behalf, and did not leave it to defendant, as a matter of affirmative defense, to allege and prove her failure so to do. Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792.

I think the judgment should be affirmed, with costs.

SPRING, J., concurs in dissent.