### PEOPLE v. WHITE.

(Supreme Court, Appellate Division, Third Department. January 8, 1908.)

GAME—REGULATIONS—PENALTIES FOR VIOLATIONS—PERSONS LIABLE.
    Under Laws 1900, p. 24, c. 20, § 9, as amended by Laws 1901, p. 1341, c. 545, providing that deer shall not be hunted with a dog, and section 16, as amended by Laws 1905, p. 590, c. 319, providing that a person who violates the provision shall be liable to a penalty for each violation, and section 140, subd. 8, as amended by Laws 1904, p. 1407, c. 580, declaring that a person who aids in the violation of any of the provisions of the law shall be deemed to have incurred the penalties imposed, every person concerned in the act of hunting a deer with a dog is liable to the penalty; each offender being separately liable, whether actually engaging in prohibited acts or only assisting in the violation thereof.

Appeal from Special Term, St. Lawrence County.
Action by the people against Charles L. White. From an interlocutory judgment sustaining a demurrer to the second and third defense of the answer, defendant appeals. Affirmed.

The action was brought to recover penalties for violations of the forest, fish, and game law. The second defense alleges that four other persons therein named, or some of them, committed the several acts set forth in the complaint, and incurred and became liable for the penalties and each of them sought to be recovered in this action; that said persons or some of them were charged

by the plaintiff, through its representative, with having committed the several acts complained of, and with having become liable for the penalties sought to be recovered in this action; and that they or some of them settled, compromised, and paid the plaintiff the penalties sought to be recovered herein of the defendant. For a third defense the defendant alleged a defect of parties defendant, "for the reason that the several persons named therein, some or all of them committed the several acts set forth in the complaint, and incurred and became liable for the penalties sought to be recovered in this action, and they or some of them should, therefore, be parties defendant in this action."

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Lowen E. Ginn, for appellant.

D. B. Lucey, for the People.

SEWELL, J. By section 9, c. 20, p. 24, Laws 1900, as amended by chapter 545, p. 1341, Laws 1901, it is provided, among other things, that "deer shall not be hunted, pursued or killed with any dog or bitch," and section 16 of that act, as amended by chapter 319, p. 590, Laws 1905, provides that a person who violates this provision is guilty of a misdemeanor, and, in addition thereto, is liable to a penalty of $100 for each violation, and to an additional penalty of $100 for each deer so taken or possessed. This appeal presents the question whether only one penalty is imposed when two or more persons concur in the act of hunting, pursuing, or killing a deer with a dog, and whether only one penalty attaches for each deer so taken or possessed.

It was said in Palmer v. Conly, 4 Denio, 378:

"The rule at common law is universal that every crime, as far as respects the guilt and punishment of the parties engaged in the perpetration of it, is several; and that, if two or more persons concur in the commission of an offense, each offender is liable to a several punishment. This principle extends to statute offenses as well as to those which are punishable by the common law; and in general there is no distinction in the application of it between the higher kinds of punishment and fines or mere pecuniary penalties."

The doctrine of that case applied to the questions under consideration leads to the conclusion that every person concerned is separately liable to the penalty, for it is obvious that the Legislature did not intend the penalties imposed by this statute as a satisfaction for a loss, but as a punishment of the offenders. The statute itself has made the offense several and every offender separately liable. It, in terms, imposes a penalty not on an offense which several may do jointly, but upon "a person who violates," meaning any and every person who violates, and for each and every violation. Subdivision 8 of section 140 of the statute, as amended by Laws 1904, p. 1407, c. 580, § 13, confirms this interpretation. It declares that:

"A person who counsels, aids or assists in the violation of any of the provisions of the forest, fish and game law, or knowingly shares in any of the proceeds of said violation by receiving or possessing either fish, birds, game or timber, shall be deemed to have incurred the penalties provided in this act against the person guilty of such violation."

From the language of this section it is apparent that the Legislature intended to make each offender separately liable, whether he actually

engages in the prohibited acts or only counsels, aids, or assists in a violation, or knowingly shares in the proceeds. People v. Girard, 73 Hun, 457, 26 N. Y. Supp. 272, affirmed 145 N. Y. 105, 39 N. E. 823, 45 Am. St. Rep. 595. It follows that the interlocutory judgment should be affirmed, with costs, and with leave to the defendant to amend upon payment of costs of demurrer.

Interlocutory judgment affirmed, with costs, with leave to defendant on payment, within 20 days, of such costs and of the costs in the court below, to serve an amended answer. All concur.